Francis Armadeo JOHNNENE,
Plaintiff,

v.

Marcell GRAHAM, Warden, Utah State Prison, Defendant.

No. C–61–55.

United States District Court
D. Utah, Central Division.

Feb. 7, 1956.

Francis Armadeo Johnnene, pro se.

E. R. Callister, Jr., Atty. Gen. of Utah, Walter L. Budge, Asst. Atty. Gen. of Utah, for defendant.

CHRISTENSON, District Judge.

On three prior occasions the petitioner Francis Armadeo Johnnene has been before this Court seeking a writ of habeas corpus. Each application was dismissed without prejudice on the ground that there was no showing that state remedies had been exhausted and because, in at least one instance, the petition was unverified.

A verified petition has now been filed relating primarily to two contentions: (1) That defendant's "voluntary" at-

torney at the trial on the charge of burglary before the state court in effect compelled him to take the stand and to give evidence against himself, by urging him to admit entry into the premises involved and to claim that there was lawful reason therefor when the fact was that he had not entered the premises, and then, without the authority and against the will, of the defendant, by announcing in his opening statement to the jury that the defendant would take the stand and explain fully the reason why he had entered the premises, thus substantially compelling the defendant to take the stand and to perjure himself; (2) That in sentencing the defendant the state trial court, through failure of counsel to properly represent him, erroneously assumed that the defendant had previously been convicted of an offense of a substantially different character than the true facts would have shown and that such erroneous assumption contributed to the Court's denial of probation. Petitioner declined proffer of appointed counsel at the last hearing before this Court, preferring to present his own case. The question before me now is whether a writ should issue, or whether further action should be taken or inquiry made on the present petition.

Petitioner has referred to his counsel in the lower court as "voluntary counsel" and has inferred that he was a mere interloper without authority from petitioner. The fact appears clear, however, that petitioner employed this attorney of his own free will, and that the only basis for his present contention that the usual relationship of attorney and client did not exist between them is that the attorney did not accept security tendered by petitioner for his fee. However, there is no doubt that the defendant arranged for, and accepted, his services, and from all outward appearances, was content with them until his defense proved unsuccessful. The right to be represented by counsel does not guarantee the defendant against error on his part, or guarantee perfect representation. There undoubtedly is a point where

the conduct of counsel may amount, or contribute, to a deprivation of constitutional rights, but it appears doubtful that the possibility of any such showing is indicated here.

The allegations with respect to the claimed erroneous basis of the Court's sentence are vague, argumentative, and raise no issue as to violation of constitutional rights. On the claim that petitioner was compelled to give evidence against himself, taking the allegations of the petition as true as I must do at this point, defendant's position is hardly different than that of any person charged with crime who might agree upon the suggestion of counsel to perjure himself in order to defend against the charge confronting him. That the suggestion as finally accepted was at first rejected, as petitioner now claims, and that as finally accepted it was renewed in counsel's opening statement and thus carried additional force, does not seem to me to transform the rather sordid state of facts alleged into any constitutional issue. It seems that inquiry from other standpoints eventually will be in order, whether these allegations are true or false. Yet, it appears improper at this point for me to dwell further upon them. Sufficient has been noticed to indicate that there have been no facts presented which commend retention of jurisdiction in line with the practice originally followed in Ex parte Sullivan, D.C.Utah, 1952, 107 F.Supp. 514; Id., D.C., 126 F.Supp. 564, reversed on other grounds, State of Utah v. Sullivan, 10 Cir., 1955, 227 F.2d 511. Furthermore, it is clear that there are no such extraordinary circumstances involved as to excuse the complete exhaustion of state remedies, including application for certiorari to the Supreme Court of the United States from denial of habeas corpus by the state Supreme Court. Ex parte Hawk, 321 U.S. 114, 64 S.Ct. 448, 88 L.Ed. 572; Darr v. Burford, 339 U.S. 200, 70 S.Ct. 587, 94 L.Ed. 761; Brown v. Allen, 344 U.S. 443, 73 S.Ct. 397, 97 L.Ed. 469. Moreover, each independent claim of denial of a constitutional right

must be presented to the state court before it can be considered by a federal court, and it is not enough that other claims have been presented to the state court. Ex parte Lee, D.C., 123 F.Supp. 439, 442–443, certiorari denied Lee v. Kendelan, 348 U.S. 975, 75 S.Ct. 538, 99 L.Ed. 759; Ex parte Sullivan, supra. The specific charges of misconduct of plaintiff's attorney, including the attorney's identity as now asserted here, find no counterpart in the general allegations previously presented in habeas corpus applications to the state courts. Such matters especially should be investigated and passed on in the first instance by state authority.

A writ of habeas corpus is refused and the petition is dismissed.