**Earl COLLINS, Petitioner-Appellant,**

v.

**Calvin E. GREEN, Warden, Chatham County Correctional Institute, Respondent-Appellee.**

**No. 74–1367.**

United States Court of Appeals, Fifth Circuit.

Dec. 9, 1974.

John H. Ruffin, Jr., James E. C. Perry, Augusta, Ga., for petitioner-appellant.

Arthur K. Bolton, Atty. Gen., David J. Bailey, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before GODBOLD and MORGAN, Circuit Judges, and BOOTLE, District Judge.

BOOTLE, District Judge:

Earl Collins, along with Edward Kinsey and John Paschael, was indicted for armed robbery committed on July 13, 1971. After initially pleading not guilty on October 6, 1971, Collins changed his plea to guilty on October 18, 1971; on the same day he was sentenced to life imprisonment.

In February 1973, Collins filed a petition for habeas corpus in state court alleging that he "was partially interviewed by one attorney and on the day of his trial another attorney represented him and induced petitioner to enter a plea of guilty in order to secure a probated sentence" which he never would have done "had he not been promised a probated sentence." After an evidentiary hearing, the superior court judge found that the guilty plea had been voluntarily entered and that Collins had been represented by competent counsel. The writ was denied, and the Supreme Court of Georgia affirmed. Collins v. Hicks, 230 Ga. 601, 198 S.E.2d 317 (1973). Collins then filed a petition for habeas corpus relief in federal court alleging that his guilty plea was induced "by an attorney who was neither retained nor court appointed." The district court in its order granting summary judgment for Warden Green felt that there had been an apparent change of theory from that advanced in the state habeas corpus petition (construed by the district court as pleading ineffective assistance of counsel) and that advanced in the federal habeas corpus petition (construed by the district court as pleading lack of counsel). In denying relief, the district court found that a full and fair evidentiary hearing by the state superior court had resolved Collins' factual claims. The court also concluded that since a material difference existed between the theories advanced in state court and federal court in regard to representation and since the state court had not determined the issue of non-representation, state remedies had not been exhausted and a federal court could not consider that question.

■ Under 28 U.S.C. § 2254 when there has been a hearing on the merits of a factual issue in a state court of competent jurisdiction wherein the applicant for the writ and the state or an agent thereof were parties, the determination of that factual issue—evidenced by a written finding—shall be presumed correct unless the applicant shows certain factors to have been present. The petitioner has not shown any of the factors enumerated in 28 U.S.C. § 2254(d) which would rebut that presumption. Consequently, under 28 U.S.C. § 2254(d) "the burden shall rest upon the applicant to establish by convincing evidence that the factual determination by the State court was erroneous." We find that the petitioner has not met that burden, and we affirm the granting of summary judgment. See Townsend v. Sain, 372 U.S. 293, 83 S.Ct. 745, 9 L.Ed.2d 770 (1963).

■ Evidence adduced at the state habeas corpus hearing fully supported the finding that the guilty plea was voluntarily and knowingly entered. Collins assured the court at the time he pleaded

guilty that he understood the meaning and consequences of a guilty plea, that the plea was made of his own free will and accord, that he had not been promised a lesser sentence or easier treatment as an inducement for the plea, that he had discussed the case with his attorneys, and that he was guilty as charged.

The troublesome aspect of this case springs from the fact that three different attorneys had some contact with Collins. Hinton Pierce was appointed to represent Collins and was with him when he entered his plea of not guilty; Leonard Tuggle and Albert Dallas were with Collins and addressed the court on his behalf when he pleaded guilty and was sentenced. Collins' argument that his plea was induced "by an attorney who was neither retained nor court appointed" results from the fact that Pierce contacted Tuggle and asked him to handle the case.[1] There was some difficulty in recalling the precise circumstances surrounding the guilty plea and the trial of Collins' two co-defendants, but this results from the fact that when Tuggle gave his deposition he had not refreshed his memory of the events.[2] Nevertheless the transcript clearly shows that Collins had representation by both Tuggle and Dallas when he pleaded guilty.

Although it is unfortunate that the imposition of a life sentence on Collins did not make a more lasting impression on his attorneys, that is no justification for granting habeas corpus relief. This court prefers to rely upon the record made when the plea was entered rather than upon the faulty memory of the attorneys several months later. That record shows that both Tuggle and Dallas were with Collins when he pleaded guilty and that they explained to him his rights and the consequences of his guilty plea. Collins assured the court that his plea was made of his own free will and accord.

When a person indicates a desire to enter a guilty plea, the duty of counsel is limited to ascertaining whether the decision so to plead is voluntarily and knowingly made. Howard v. Beto, 466 F.2d 1356 (5th Cir. 1972); Lamb v. Beto, 423 F.2d 85 (5th Cir. 1970), cert. denied, 400 U.S. 846, 91 S.Ct. 93, 27 L. Ed.2d 84 (1970). The fact that Tuggle was not directly appointed by the court or retained by Collins does not gainsay

1. Mr. Tuggle in a deposition taken almost eleven months after the plea was entered testified as follows:

Q. Did [Hinton Pierce] proceed with the case after being appointed?
A. No.
Q. Why didn't he proceed with it?
A. I forgot whether he was sick—or on leave of absence, or something. And due to that fact . . . well, I believe there was three of them [i.e., defendants]. And Hinton Pierce called me about it too, and asked me if I would help Buddy Dallas with it, and I agreed.

. . . . .

Q. Did Mr. Pierce tell you that he was appointed to the case?
A. He did.
Q. And wanted you to work on it for him?
A. He did.

. . . . .

Q. But Mr. Pierce asked you to handle it in his place?
A. Yes.

2. In the deposition he states:
. . . . I haven't refreshed my memory on it, and at that same session of Court

there were three or four robbery cases; and there were one or two pleas; and there were some trials. Now I don't know whether [Collins] entered a plea, or he was one of the ones that was tried for it. There were some that entered pleas, and others tried in their cases. But I haven't refreshed my memory, so I don't know.

Tuggle, along with Dallas, was an attorney in the trial of Collins' two co-defendants, Tuggle representing Kinsey, and Dallas representing Paschael. There was some confusion or faulty recollection as to who was lead counsel. It was apparently a team effort. Tuggle's deposition says:

[The court] gave leeway to both attorneys to question any of the witnesses, and we usually did. It's kind of unusual for him to do. You usually have a leading attorney, and the other one advises, and so forth. But in this particular case, we both asked questions.

This accounts for Tuggle's troublesome statement by deposition that he was assisting Mr. Dallas and for his answer "I would think so" to the question, "Would you say that Mr. Dallas was the leading counsel?"

the fact that Collins had competent counsel. Thus, Collins has not shown by convincing evidence that the state court's determination that he had competent counsel was erroneous. For an attorney to render effective and competent representation there is no requirement of a ceremonial court appointment or a formal contract between attorney and client. Here the court appointed Pierce; Pierce secured the services of Tuggle; and Tuggle provided competent representation.

The district court's feeling that Collins had changed his theory from ineffective assistance of counsel to lack of counsel is simply a misanalysis of Collins' petition. The argument that his plea was "induced by an attorney who was neither retained nor court appointed" is not an argument of non-representation but merely concerns the standing, conduct, and competency of an attorney not formally appointed or retained. As discussed earlier, this issue was properly considered in the state habeas corpus proceeding. A review of the pleadings has convinced this court that there was not a material difference between the theory advanced in the state court and that advanced in federal court.

 Collins' counsel in this court suggests that there was a conflict of interest on the part of Messrs. Tuggle and Dallas in that they represented Collins' two co-defendants. We cannot rule upon that suggestion. It was not made in the state habeas corpus proceeding, and Collins made no attempt to raise it in the district court. It could not have been urged in the district court because of failure to exhaust remedies available in the state courts. As was stated in Hairston v. Alabama, 465 F.2d 675, 679 (5th Cir. 1972),

> [T]his Court is committed to the proposition that the responsibility of determining compliance with constitutional standards ought first to be on the state concerned so that state post-conviction facilities should be fully exploited with [Georgia's] having been afforded the opportunity of testing out

the claim . . . . [Footnote omitted.]

Any such claim of constitutional imperfection must be specifically made so as to alert the state court to its responsibility.

> [E]ach independent claim of denial of a constitutional right must be presented to the state court before it can be considered by a federal court, and it is not enough that other claims have been presented to the state court. . . . The specific charges of misconduct of plaintiff's attorney . . . find no counterpart in the general allegations previously presented in habeas corpus applications to the state courts. Such matters especially should be investigated and passed on in the first instance by state authority.

Johnnene v. Graham, 138 F.Supp. 542, 543–544 (D.Utah 1956) [citations omitted].

See also Tompa v. Virginia, 331 F.2d 552 (4th Cir. 1964). The claim that one's attorney was laboring under a disqualification of conflict of interest is of such consequence, Glasser v. United States, 315 U.S. 60, 62 S.Ct. 457, 86 L. Ed. 680 (1942), and is so discrete when made in a federal habeas corpus proceeding challenging a state court conviction as to require that it first be specifically considered by the state court.

 The evidence adduced in the state habeas corpus proceeding did not show or even indicate a conflict of interest. The evidence was not even directed at that issue. The mere fact that an attorney represents multiple defendants does not establish conflict. United States v. Pinc, 452 F.2d 507 (5th Cir. 1971); Gardner v. Wainwright, 433 F. 2d 137 (5th Cir. 1970).

Without prejudice to Collins' right to seek relief in the courts of Georgia, if he so desires, with respect to his claim of conflict of interest, the district court's denial of Collins' petition for habeas corpus is affirmed.