**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Claude Hubert DAVIS and Floyd Byron Bishop, Defendants-Appellants.**

**No. 79–5299**
**Summary Calendar.***

United States Court of Appeals,
Fifth Circuit.

Dec. 17, 1979.

* Fed.R.App.P. 34(a); 5th Cir. R. 18.

Emmett Colvin, Dallas, Tex., for Davis.

Wm. L. Hubbard, Harlingen, Tex., for Bishop.

Shirley Baccus-Lobel, Asst. U. S. Atty., Dallas, Tex., for plaintiff-appellee.

Before RONEY, HILL and KRAVITCH, Circuit Judges.

PER CURIAM:

On their appeal from convictions based on guilty pleas for conspiring, in violation of 18 U.S.C.A. § 371, to transport stolen goods in foreign commerce in violation of 18 U.S. C.A. § 2314, defendants admit that they fraudulently obtained money from their employer in South America, deposited it into a bank account in Venezuela, obtained from that bank checks similar to American cashier's checks, and brought those checks into the United States.

Their main argument on appeal is that this conduct is not within the scope of 18 U.S.C.A. § 2314, because the goods only moved into Texas from outside the United States and crossed no other state lines. Contrary to this argument, it appears that the plain language of the statute applies to transportation of stolen goods in "foreign commerce" into the United States, whether or not the goods then move in interstate commerce. See United States v. McClain, 545 F.2d 988, 994 (5th Cir. 1977), after remand, 593 F.2d 658 (1979); cf. United States v. Hollinshead, 495 F.2d 1154 (9th Cir. 1974); United States v. Rabin, 316 F.2d 564 (7th Cir.), cert. denied, 375 U.S. 815, 84 S.Ct. 48, 11 L.Ed.2d 50 (1963); United States v. Greco, 298 F.2d 247, 251 (2d Cir.), cert. denied, 369 U.S. 820, 82 S.Ct. 831, 7 L.Ed.2d 785 (1962). Thus we hold that 18 U.S.C.A. § 2314 makes it a crime to move goods stolen in a foreign country into the United States, even though the stolen goods do not then move in interstate commerce. Needless to say, a conspiracy for the illegal transportation of such stolen goods violates 18 U.S.C.A. § 371. See United States v. McClain, 593 F.2d at 671–72.

It of course makes no difference that the character of the property taken from the company was changed to a bank manager's check prior to transportation in foreign commerce. United States v. Levy, 579 F.2d 1332, 1335–38 (5th Cir. 1978), cert. denied, 440 U.S. 920, 99 S.Ct. 1243, 59 L.Ed.2d 471 (1979); United States v. Walker, 176 F.2d 564, 566 (2d Cir.), cert. denied, 338 U.S. 891, 70 S.Ct. 239, 94 L.Ed. 547 (1949).

Defendant Bishop further argues that 18 U.S.C.A. § 371 cannot be applied to a conspiracy to commit a crime from which no harm within United States boundaries was intended or shown. The jurisdiction of the United States extends to conspiratorial acts occurring outside the country intended

to have effects in the United States, at least where an overt act in the United States in furtherance of the conspiracy can be proved. *United States v. Cadena*, 585 F.2d 1252, 1257–58 (5th Cir. 1978); *see United States v. Postal*, 589 F.2d 862, 886 n.39 (5th Cir.), *cert. denied*, —— U.S. ——, 100 S.Ct. 61, 62 L.Ed.2d 40 (1979).

In this case, defendants admitted the transportation of stolen goods into the United States, an overt act in furtherance of their conspiracy which had effects in the United States. Preliminary conspiratorial acts outside the United States were intended to achieve these effects, so jurisdiction of the United States extends to those acts. It is up to Congress to determine whether the movement of stolen goods in foreign commerce from outside of the United States into the United States is sufficiently harmful to the interests of the United States to be proscribed by criminal statute. *See United States v. McClain*, 545 F.2d at 994.

Because an overt act in furtherance of the conspiracy occurred within the United States, this case is clearly distinguishable from our recent case, *United States v. Columba-Colella*, 604 F.2d 356 (5th Cir. 1979), in which all of defendant's criminal acts took place in Mexico.

Defendant Davis' argument that the Government permitted perjured testimony because two Government witnesses contradicted each other is foreclosed from consideration on appeal because his knowing guilty plea waived all nonjurisdictional defects. *United States v. Sepe*, 474 F.2d 784 (5th Cir.), *aff'd*, 486 F.2d 1044 (1973) (*en banc*). Perjury is not a jurisdictional defect. *Franklin v. United States*, 589 F.2d 192, 194–95 (5th Cir.), *cert. denied,* 441 U.S. 950, 99 S.Ct. 2177, 60 L.Ed.2d 1055 (1979).

AFFIRMED.