Johnny L. BROWN, Petitioner-Appellant,

v.

Marvin JERNIGAN, Warden,
Respondent-Appellee.

No. 79–3801
Summary Calendar.*

United States Court of Appeals,
Fifth Circuit.

Aug. 1, 1980.

* Fed.R.App.P. 34(a), 5th Cir. R. 18.

Johnny L. Brown, pro se.

Susan V. Boleyn, Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before HILL, GARZA and THOMAS A. CLARK, Circuit Judges.

JAMES C. HILL, Circuit Judge:

In 1977, petitioner was indicted by a Georgia grand jury for murder and aggravated assault. Pursuant to a plea bargain agreement negotiated by his retained counsel, petitioner pled guilty to charges of involuntary manslaughter and aggravated assault. Accepting the recommendation of the Assistant District Attorney, the court imposed a 20-year sentence for the manslaughter charge and a concurrent 10-year sentence for the assault charge.

In 1978, petitioner sought habeas relief in the Superior Court of Bibb County, Georgia. He alleged that his guilty plea was not given voluntarily and with full knowledge of the consequences, that he was denied his right to appeal by not having been informed of that right, that he was charged under a defective indictment, and that his attorney was ineffective. Petitioner testified in his own behalf, but offered no other evidence. The state judge also considered the transcript of the guilty plea hearing and the deposition of petitioner's attorney.

The state court denied all relief. After petitioner's application for a certificate of probable cause was denied by the Georgia Supreme Court, he filed a habeas petition in the District Court for the Middle District of Georgia. The district court denied relief without holding a hearing. Petitioner now contends that the district court erred in denying relief on the four grounds noted above and, in addition, that the district court should have held an evidentiary hearing before passing on the petition. Finding no merit in petitioner's arguments, we affirm.

Petitioner's first argument is that the guilty plea was not given voluntarily. He asserts that he was never informed of the constitutional rights that are waived by a guilty plea or of the right to withdraw a guilty plea. He also claims that his retained counsel unlawfully induced him to plea by telling him that he could receive the death penalty and 10 years if they went to trial.

The law with respect to guilty pleas is well settled. Before accepting a guilty plea, the trial judge must be convinced that the defendant's decision is voluntary in the sense that it is made knowingly, intelligently and not as a result of coercion by the state or anyone else. *Boykin v. Alabama*, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274 (1969). When a guilty plea is challenged in a post-conviction proceeding, the voluntariness of the plea must be apparent from the record, *Fisher v. Wainwright*, 584 F.2d 691, 692 (5th Cir. 1978); voluntariness will not be presumed where the record is silent, *Boykin*, 395 U.S. at 242, 89 S.Ct. at 1711. Although by pleading guilty the defendant waives the right to a jury trial, the privilege against self-incrimination, and the right of confrontation, neither the Constitution nor any rule of criminal procedure requires express articulation and specific waiver of these rights before a guilty plea may be accepted. *Van Poyck v. Wainwright*, 595 F.2d 1083, 1085–86 (5th Cir. 1979); *Davis v. Wain-*

*wright*, 547 F.2d 261, 275 (5th Cir. 1977); *McChesney v. Henderson*, 482 F.2d 1101, 1110 (5th Cir. 1973), *cert. denied*, 414 U.S. 1146, 94 S.Ct. 901, 39 L.Ed.2d 102 (1974); *see Brady v. United States*, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1970). Finally, the district court's finding of voluntariness may not be disturbed on appeal unless clearly erroneous. *Anglin v. Caldwell*, 465 F.2d 970, 971 (5th Cir. 1972), *cert. denied*, 410 U.S. 985, 93 S.Ct. 1510, 36 L.Ed.2d 181 (1973).

■ The record in this case affirmatively establishes that petitioner's plea was entered voluntarily. In response to questions propounded by the prosecutor at the guilty plea hearing, petitioner stated that he understood the charges against him, that he was aware of the possible maximum sentences if he went to trial and was convicted, that he was not threatened or otherwise coerced into pleading guilty, and that he was not under the influence of drugs or alcohol. Before accepting the plea, the court asked petitioner if he understood everything that was happening. Petitioner answered affirmatively. The court also made it clear to petitioner that he could move to withdraw his guilty plea.

At the state habeas hearing, the only relevant testimony given by petitioner was that he did not know that he was entitled to a jury trial and that he pled guilty because his attorney advised him to do so. The attorney, Walter Scott, testified by way of deposition that he informed petitioner of his constitutional rights, and that after advising petitioner of the prosecutor's willingness to reduce the murder charge and recommend a 20-year sentence, petitioner told him to enter a guilty plea. We find nothing in petitioner's testimony which could have supported a finding that the guilty plea was involuntary. Even assuming that

the testimony raised some doubt about the plea, the judge at the state habeas hearing was entitled to credit the testimony of Scott. Having been presented with no new evidence, the district court properly relied on the state court's findings in denying the petition.

Petitioner's second contention is that he was not informed of his right to appeal. At the guilty plea hearing, the court informed petitioner of his right to appeal his sentence to the Judicial Sentence Review Panel, and to appeal the denial of a motion to set aside or withdraw the guilty plea. The state court's finding that petitioner knew of his right to appeal is not clearly erroneous.

■ Petitioner alleged that the indictment was defective in that it was dated and signed improperly and that it was returned by less than a full panel of grand jury members. Any such defects were waived when petitioner voluntarily pled guilty.[1] *United States v. Davis*, 608 F.2d 555, 557 (5th Cir. 1979); *United States v. Sepe*, 474 F.2d 784, 787–88 (5th Cir. 1973), *aff'd*, 486 F.2d 1044 (5th Cir. 1974) (en banc).

Next, petitioner claims that his attorney was ineffective. "When a person indicates a desire to enter a guilty plea, the duty of counsel is limited to ascertaining whether the decision so to plead is voluntarily and knowingly made." *Collins v. Green*, 505 F.2d 22, 24 (5th Cir. 1974). There is nothing in the record to persuade us that Scott did not fulfill his duty.

■ Finally, petitioner argues that the district court should have held a hearing before passing on the petition. Where a habeas petitioner has already received full and fair hearing at the state level and the petition alleges no new facts, the district court is not required to hold a hearing. *Blasingame v. Estelle*, 604 F.2d 893, 895

---

1. In any event, it appears that petitioner's arguments are without merit. First, in Georgia, "[a] grand jury shall consist of not less than 16 nor more than 23 persons." Ga.Code Ann. § 59–202(a) (Supp.1979). There were 19 persons on the grand jury that indicted petitioner. Second, we have examined the indictment and find that it was both properly signed and correctly dated.

(5th Cir. 1979); 28 U.S.C.A. § 2254; Rules Governing § 2254 Cases, Rule 8.

AFFIRMED.