**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Alvin BROUSSARD,
Defendant-Appellant.**

No. 80–2287
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.
Unit A

May 21, 1981.

Alvin Broussard pro se.

LeRoy M. Jahn, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before GEE, RUBIN and RANDALL, Circuit Judges.

PER CURIAM:

This is an appeal from the denial of a motion to vacate the sentence, 28 U.S.C. § 2255, imposed on Broussard after his 1978 conviction, on a plea of guilty, to the charge of conspiracy to import marijuana in violation of 21 U.S.C. §§ 952 and 963. He was sentenced to five years imprisonment and a 20 year special parole term. Finding that the special parole term could not validly be imposed, we reverse in part and vacate that portion of the sentence. We affirm the denial of the remainder of the motion.[1]

■ We have recently held that 21 U.S.C. § 963, the statute that proscribes conspiracy to import marijuana, does not authorize the imposition of a special parole term. *Cates v. United States*, 626 F.2d 399, 400 (5th Cir. 1980). Therefore, the special parole term is vacated.

The motion to vacate the remainder of the sentence urges three other arguments:
1. The conviction was obtained by a violation of the double jeopardy clause.
2. The conviction violated due process and the right to a speedy trial.
3. Ineffective assistance of counsel.

■ The entry of a knowing and voluntary guilty plea waives all nonjurisdictional defects in the proceeding. *See United States v. Broome*, 628 F.2d 403, 404–405 (5th Cir. 1980). This disposes of the speedy trial claim. *United States v. Davis*, 608 F.2d 555, 557 (5th Cir. 1979).

■ Citing *United States v. Sepe*, 474 F.2d 784 (5th Cir.) *aff'd* 486 F.2d 1044, 1045 (5th Cir. 1973) (en banc), the government asserts that a claim of double jeopardy cannot be raised after a counseled plea of guilty. Broussard's pro se reply brief, however, cites *Green v. Estelle*, 601 F.2d 877, 878 (5th Cir. 1979) and *Menna v. New York*, 423 U.S. 61, 96 S.Ct. 241, 46 L.Ed.2d 195 (1975) for the proposition that a guilty plea does not bar a double jeopardy claim. Even ·a cursory reading of these cases reveals that the entry of a guilty plea does not waive a challenge based on a violation of the double jeopardy clause. To suggest otherwise, as the government has, ignores the plain holdings of definitive opinions of the Supreme Court and this court. The claim of double jeopardy was, therefore, properly raised before the district court.

The second prosecution did not, however, violate Broussard's fifth amendment guarantee. He initially pled guilty in the ·Northern District of Texas to constructive possession of marijuana, 21 U.S.C. § 844, and to misprision of a felony, 18 U.S.C. § 4. Broussard contends that this guilty plea barred the subsequent indictment for conspiracy because the possession count is a lesser included offense. *Jeffers v. United States*, 432 U.S. 137, 97 S.Ct. 2207, 53 L.Ed.2d 168 (1977); *Brown v. United States*, 432 U.S. 161, 97 S.Ct. 2221, 53 L.Ed.2d 187 (1977). That contention is meritless. Although the indictment entered in the initial prosecution contained a conspiracy count, the persons and dates involved and the overt facts alleged in the first indictment were different from those set forth in the second indictment. Further, it is well settled that the simple possession offense is separate and independent from the conspiracy charge. *Gusikoff v. United States*, 620 F.2d 459 (5th Cir. 1980); *United States v. Garcia*, 589 F.2d 249 (5th Cir. 1979); *United States v. Cruz*, 568 F.2d 781 (1st Cir. 1978). Therefore, no violation of the double jeopardy clause was proved here.

■ Broussard contends that his counsel was ineffective because the lawyer did not raise the double jeopardy issue on direct

1. Broussard's conviction was affirmed by this Court in *U. S. v. Broussard*, 582 F.2d 10 (5th Cir. 1978), *cert. denied*, 440 U.S. 935, 99 S.Ct. 1279, 59 L.Ed.2d 493. On November 9, 1979 appellant filed a petition for habeas corpus. That petition was granted by the district court after this appeal was filed. We have vacated the district court's order and have remanded for further proceedings. *See Broussard v. Lippman*, 643 F.2d 1131 (5th Cir. 1981).

appeal. The primary claim on direct appeal, that the scope of the initial plea bargain precluded the subsequent indictment in another district, was clearly related to the double jeopardy claim. The simple fact that the fifth amendment claim was not specifically briefed does not amount to ineffective assistance of counsel. In addition, Broussard has obviously not been prejudiced by the failure to raise the issue on direct appeal. We have given the question full consideration and have concluded that Broussard's rights under the fifth amendment were not violated.

Accordingly, we REVERSE IN PART and we delete the special parole term from the sentence. In all other respects, the district court's order denying the motion is AFFIRMED.