543 So.2d 1073 (1989)
STATE of Louisiana, Appellee,
v.
Tyrone WHITAKER, Appellant.
No. 20,473-KA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1989.
*1074 Daryl Gold, Bossier City, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Rebecca J. Irwin, Tommy J. Johnson, Asst. Dist. Attys., Shreveport, for appellee.
Before FRED W. JONES, JR., SEXTON and HIGHTOWER, JJ.
SEXTON, Judge.
On April 13, 1988, the defendant, Tyrone Whitaker, was charged with aggravated battery as set forth in LSA-R.S. 14:34. The charge arose from an incident on February 21, 1988, in which the defendant stabbed a juvenile in the chest with a knife. The stabbing occurred during a fight between the defendant and his victim, a 16-year-old male, at A.B. Palmer Park in Shreveport, Louisiana. The defendant pled guilty to the charge of aggravated battery, and on July 6, 1988 he was sentenced to serve seven years at hard labor. The defendant appeals, assigning as error the excessiveness of the sentence and an error patent concerning the guilty plea colloquy. Finding no merit in defendant's assignments of error, we affirm.
The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in LSA-C.Cr.P. Art. 894.1. The trial judge is not required to list every aggravating or mitigating circumstance so long as the record reflects that he adequately considered the guidelines of the article. State v. Smith, 433 So.2d 688 (La.1983). The articulation of the factual basis for a sentence is the goal of LSA-C.Cr.P. Art. 894.1, not rigid or mechanical compliance with its provisions. Where the record clearly shows an adequate factual basis for the sentence imposed, remand is unnecessary even where there has not been full compliance with LSA-C.Cr.P. Art. 894.1. State v. Lanclos, 419 So.2d 475 (La.1982). The important elements which should be considered are "the defendant's personal history (e.g., age, marital status, dependents, family stability, employment, mental, emotional, and physical health); the defendant's prior criminal record; the seriousness of the crime; the circumstances of the offense; the likelihood that defendant will commit another crime; and his potential for rehabilitation through correctional services other than confinement." State v. Jackson, 360 So.2d 842, 844 (La.1978); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988), writ denied, 521 So.2d 1143 (La.1988).
In this case, the trial court's reasons for the sentence imposed demonstrate an adequate compliance with LSA-C.Cr.P. Art. 894.1. In addition to a pre-sentence investigation report, the court ordered and reviewed the juvenile record of the defendant which revealed that the defendant had been in trouble with the law as a juvenile on more than one occasion. In fact, the aggravated battery in this case was committed while defendant was on a furlough from the Louisiana Training Institute. The trial court noted the seriousness of the offense which could have resulted in the death of the victim, and further noted, when considering the factor of risk to the community during any period of suspended sentence, that there had been a history of violence involved in the offenses committed *1075 by the defendant. In mitigation, the court considered the defendant's age of 18 years and his adult record. The court also stated that after examining the record to try to determine other areas of mitigation, it was unable to find any such areas. Additionally, the court noted the fact that the defendant's degree of community support was very limited. Considering the foregoing reasons given by the trial court, we find adequate articulation for the sentence imposed.
Our review must also determine whether the sentence imposed is too severe given the circumstances of the case and the background of the defendant. A sentence violates LSA-Const. Art. 1, § 20 (1974) if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So. 2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it is so disproportionate as to shock the sense of justice. State v. Bonanno, supra. The trial judge has wide discretion in the imposition of a sentence within the statutory limits, and such a sentence should not be set aside as excessive absent a manifest abuse of discretion. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, supra.
In this case, the defendant faced a maximum sentence of imprisonment at hard labor for ten years and a $5,000 fine. The defendant received a sentence of seven years at hard labor with credit for time served and no fine. Considering the factors discussed by the trial court, and considering the prior record of the defendant referred to by the trial court, which included a prior offense strikingly similar to the one to which the defendant has pled guilty in this case, we do not consider defendant's sentence to be too severe. The sentence imposed was within the wide discretion afforded to the trial court.
For the foregoing reasons, we find defendant's allegations of excessiveness to be without merit, and now turn to defendant's allegations regarding the guilty plea colloquy.
The defendant submits that the trial judge neglected to inform him of the maximum penalty for the crime of aggravated battery. As a result, the defendant argues that all the requirements for a constitutionally valid guilty plea, as set forth in Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), were not met. In order to be constitutionally valid, a guilty plea must be voluntary and intelligent. Boykin v. Alabama, supra. The defendant must be informed of and waive his right to a jury trial, confrontation of witnesses, and the privilege against self-incrimination. Boykin v. Alabama, supra. A knowing and intelligent guilty plea involves more than an understanding and a waiver of these three rights. State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987). Other factors may have a bearing on the validity of the plea. State v. Halsell, 403 So.2d 688 (La.1981).
As noted by the Louisiana Supreme Court in State v. Washington, 406 So.2d 191 (La.1981), the United States Supreme Court in Boykin advised the trial court to conduct an on-the-record examination of the defendant which should include an attempt to satisfy itself that the defendant understands, among other things, the nature of the charge against him and the permissible range of sentences for the charge. Boykin v. Alabama, supra at n. 7.
In deciding whether to plead guilty, the defendant is probably more concerned about the maximum penalty exposure than about the elements of the offense and the rights he is waiving by pleading guilty. See State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982). This circuit has held that a defendant must be apprised of the maximum penalty exposure in order to enter a knowing and intelligent guilty plea. State v. Smith, 513 So.2d 544 (La.App. 2d Cir.1987); State v. Graham, 513 So.2d 419 (La.App. 2d Cir.1987).
On the other hand, while a defendant waives the Boykin triad of rights by pleading guilty, "neither the Constitution *1076 nor any rule of criminal procedure requires express articulation and specific waiver of these rights before a guilty plea may be accepted." Brown v. Jernigan, 622 F.2d 914, 915 (5th Cir.1980), cert. denied, 449 U.S. 958, 101 S.Ct. 368, 66 L.Ed.2d 224 (1980). Boykin does not require that the judge explicitly inform the defendant of the three rights before accepting a guilty plea. Buckley v. Butler, 825 F.2d 895 (5th Cir. 1987). It follows that the judge is not required to explicitly inform the defendant of the possible penalties which could be imposed under a guilty plea; an affirmative showing of record that defendant knew the possible penalties is sufficient.
In this case the trial court inquired whether the defendant understood and whether his attorney had explained to him the nature of the charge to which he was pleading. The defendant responded in the affirmative. Then the court inquired whether the defendant's attorney had talked to him about the law and the evidence and the penalties in the case. At this point, the defendant's attorney interjected that he had not discussed the penalty with the defendant and would like to do so at that time. The record reflects that the defendant's attorney then conferred with the defendant, although the words spoken during that conference are not part of the record. After the conference, the defendant's attorney informed the court that he had discussed the penalty with his client. The court then asked the defendant if his lawyer had talked to him in conference and discussed with him the penalties in the case, and the defendant responded in the affirmative. Thus, the record shows that the defendant in fact was informed of the possible penalties for the crime of aggravated battery.
The jurisprudence supports our conclusion that a guilty plea is constitutionally valid if the defense counsel, rather than the trial judge, informs the defendant of the maximum sentence that could be imposed. In State ex rel. Halvorsen v. Blackburn, 388 So.2d 806 (La.1980), the defendant argued that his guilty plea was not constitutionally valid because he was not informed of the nature of the charge to which he pled guilty. Although the record revealed that the trial judge did not inform the defendant of the nature of the charge, the Supreme Court was not willing to set aside the plea. The Supreme Court held that the due process requirement of notice of the nature of the charge "may be satisfied by an explanation from another source, e.g., defense counsel." State ex rel. Halvorsen v. Blackburn, supra at 807.
The Third Circuit Court of Appeal relied on State ex rel. Halvorsen v. Blackburn in deciding State v. Johnson, 533 So.2d 1288 (La.App. 3d Cir.1988). State v. Johnson involved a situation similar to the present one. Like the defendant in the present case, the defendant in Johnson argued that he was not made aware of the sentencing possibilities before he pled guilty. The defendant executed a waiver of rights form which consisted of several questions concerning the constitutional rights he would waive upon entering a guilty plea. The defendant answered all of the questions on the form except the following one: "Do you understand that the maximum penalty for the crime with which you are charged is 50 years?" This answer was left blank. According to the record, the trial judge did not ask the defendant whether he knew what the maximum sentence was, but the district attorney did ask the defense counsel whether he had gone over the waiver of rights form with his client. The defense counsel replied that he had and that his client understood his rights. The court found that although the trial judge had not informed the defendant about the maximum sentence, the waiver of rights form and the explanation by the defense counsel were sufficient to inform the defendant of the consequences of entering a guilty plea.
In State v. Bowick, 403 So.2d 673 (La. 1981), the defendant contended that the record did not establish that the defendant knew or was advised of the elements of the offense to which he pled guilty. The defendant urged the Supreme Court "to adopt a per se rule declaring invalid guilty pleas which are entered voluntarily upon advice of counsel (and upon both defendant's and counsel's representation that defendant *1077 was aware of the elements of the offense) because the judge himself failed to canvass the elements on the record with defendant." State v. Bowick, supra at n. 6. However, the court refused, noting that the defendant had been arraigned on a bill of information charging a $1,500 robbery of two persons with a pistol, that a preliminary examination had been held at which evidence of the robbery apparently had been presented, and that at the plea the defendant and his attorney both represented to the trial court that the defendant understood the nature of the crime to which he was pleading. Under those circumstances, the court held that the trial court did not err in accepting the guilty plea.
Because there is no per se rule declaring guilty pleas invalid merely because the judge himself failed to state to the defendant the possible penalties which could be imposed under a guilty plea, and because the record affirmatively shows that both the defendant and defendant's counsel informed the court that defendant's counsel had discussed the penalties with defendant, we hold that the trial court did not err in accepting defendant's guilty plea.
Finally, while the record does not show precisely what defendant's counsel advised defendant with regard to the possible penalties for aggravated battery, and while we note, as did the federal Fifth Circuit in Buckley, supra, that "it is theoretically possible that his counsel's advice was so erroneous or inadequate as to have denied him the adequate assistance of counsel to which he was entitled under the Sixth Amendment," we agree with the Buckley court's conclusion that "such a contention should be resolved under an ineffective assistance of counsel analysis." Buckley v. Butler, supra. As in Buckley, no claim of ineffective assistance of counsel has been made in this case, and we make no ruling thereon.
For the above stated reasons, we find that the sentence imposed upon the defendant was not excessive, and we find no error patent on the face of the record. Thus, we find defendant's assignments of error meritless, and we affirm defendant's sentence.
AFFIRMED.