561 So.2d 819 (1990)
STATE of Louisiana, Appellee,
v.
Reginald MITCHELL, Appellant.
No. 21632-KA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
Indigent Defender Office by Richard E. Hiller, Shreveport, for appellant.
William J. Guste, Jr., Atty. Gen., Baton Rouge, Paul J. Carmouche, Dist. Atty., Shreveport, Powell Layton and Tommy J. Johnson, Asst. Dist. Atty., Shreveport, for appellee.
Before MARVIN, LINDSAY and HIGHTOWER, JJ.
MARVIN, Judge.
After being charged with possession of cocaine with intent to distribute and bargaining to plead guilty to attempting to commit that crime, Reginald Mitchell appeals, as excessive, his sentence to five years at hard labor. LRS 14:27, 40:967.
The record does not affirmatively show that Mitchell was advised of the range of penalties for the offense to which he pleaded. This constitutes error patent because we cannot determine from the record that the plea was knowingly and intelligently made and thus, voluntary. Due process requires this. State v. Young, 535 So.2d 1150 (La.App. 2d Cir.1988); State v. Watts, 550 So.2d 711 (La.App. 2d Cir.1989). Compare State v. Whitaker, 543 So.2d 1073 (La.App. 2d Cir.1989).
The plea will not be categorically vacated, however, because the due process requirement for a knowing and intelligent, or voluntary, plea may be satisfied either by the court or by explanation from defense counsel that defendant was counseled before the plea was entered. See State ex rel. Halvorsen v. Blackburn, 388 So.2d 806 (La.1980).
We conditionally vacate the conviction and sentence to allow the trial court to hold a hearing and make the determination. If it is determined that the plea was knowingly and intelligently entered after Mitchell was counseled about his sentencing exposure, the record shall be supplemented accordingly and Mitchell may then be granted an appeal of that determination and the sentence which he here complains is excessive. If it is determined that the plea was not knowingly and intelligently entered, the plea shall be set aside and further prosecution of the defendant may be undertaken.

*820 DECREE
The conviction and sentence are conditionally vacated and the case is remanded for further proceedings, within a reasonable time, consistent with this opinion.