691 So.2d 858 (1997)
STATE of Louisiana, Appellee,
v.
Calvin R. JONES, Appellant.
Nos. 28929-KA, 28930-KA.
Court of Appeal of Louisiana, Second Circuit.
April 2, 1997.
Indigent Defender Board by Ford E. Stinson, Jr., for Appellant.
Richard Ieyoub, Attorney General, James M. Bullers, District Attorney, Whitley R. Graves, Assistant District Attorney, for Appellee.
Before HIGHTOWER, WILLIAMS and STEWART, JJ.
STEWART, Judge.
We consolidated these appeals on our own motion in the interest of judicial economy. The state initially charged defendant in one bill of information with seven counts of armed robbery and one count of attempted armed robbery. The trial court severed the counts and directed the filing of four bills. In our docket No. 28,930, defendant went to trial on two counts of armed robbery and one count of attempted armed robbery. A jury found him guilty as charged. La.R.S. 14:64 and 14:27. The trial court imposed sentences of 50 years at hard labor without benefit of probation, parole, or suspension of sentence for each of the completed offenses and ordered them served concurrently. For the attempted armed robbery, the trial court imposed a 25-year hard labor sentence and directed that it be served without benefit and consecutively to the other sentences for a total of 75 years. In docket No. 28,929, *859 defendant pled guilty to one of the remaining armed robbery counts in exchange for the state's agreement to dismiss four other counts of armed robbery and not to file a multiple offender bill. On that offense, the trial court imposed a sentence of 50 years at hard labor without benefit, ordered that it be served consecutively to the other sentences for a total of 125 years, and denied a timely motion for reconsideration. Defendant urges his sentences are excessive.[1]
For the following reasons, we affirm the guilty plea and sentence in docket No. 28,929 and the convictions and sentence in docket No. 28,930.

FACTS
The record shows that during the period July 19 to July 30, 1994, defendant committed armed robberies at Circle K stores, Texaco stations, and Total stations in Bossier City. Defendant robbed several of the businesses on more than one occasion. On August 7,1994, the police arrested him when he was seen placing a pistol in his waistband outside a store that he had robbed twice before. He had positioned his car behind the store with the keys in the ignition and the door partially open to allow a quick escape.

DISCUSSION
Failure to advise defendant of his fundamental rights or make an inquiry as to his understanding of those rights and to inform defendant that by pleading guilty he waives those rights is error patent. State v. Godejohn, 425 So.2d 750 (La.1983). Although defendant has not assigned as error a deficiency in his guilty plea colloquy, the reviewing court is bound to recognize such deficiency as error patent.
For a guilty plea to be found valid, Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), requires a knowing and intelligent waiver of three constitutionally guaranteed fundamental rights: 1) the privilege against compulsory self-incrimination, 2) the right to trial by jury, and 3) the right to confront one's accusers. Since that United States Supreme Court decision, Louisiana courts have followed Boykin and have elaborated on the holding in Boykin to include additional elements which must be considered in determining whether a defendant has knowingly and intelligently waived his constitutional rights and entered a voluntary guilty plea.
In State ex. rel. Jackson v. Henderson, 255 So.2d 85, 260 La. 90 (La.1971), the court held that Boykin required, in taking a guilty plea, an express and knowing waiver of the three basic federal constitutional rights and an understanding of the elements of the offenses with which defendant is charged.
In State v. Washington, 406 So.2d 191 (La.1981), the court noted that the United States Supreme Court in Boykin advised, although not expressly required, that the trial court conduct an on-the-record examination of the defendant which should include an attempt to satisfy itself that the defendant understands, among other things, the nature of the charge against him and the permissible range of sentences for the charge.
In State ex rel. LaFleur v. Donnelly, 416 So.2d 82 (La.1982), the court held that, in addition to an explanation of the rights a defendant is waiving by pleading guilty and of the elements of the offenses with which he is charged, it is much more important that the defendant understand the maximum penalty exposure.
This circuit has followed Boykin and adopted the rationale of LaFleur in a number of cases beginning with State v. Smith, 513 So.2d 544 (La.App. 2 Cir.1987), wherein this court held that the entry of a knowing and intelligent guilty plea involves more than an understanding and a waiver of the three basic rights and that the court must consider not only the colloquy concerning the waiver of rights but also other factors which may influence defendant's decision to plead guilty. The court stated that in order to make a knowing and intelligent decision to plead guilty the defendant must be apprised of the possible range of sentences for the offense to *860 which he pleads guilty. Therefore, the defendant must be informed of the maximum penalty exposure in order to enter a knowing and intelligent guilty plea. Further, knowledge of ineligibility for parole, probation or suspension of sentence is an important factor in deciding to enter a knowing and intelligent guilty plea.
In State v. Young, 535 So.2d 1150 (La.App. 2 Cir.1988), this court held that the trial court must first determine that the defendant has a full understanding of what the plea connotes and its consequences, specifically that the defendant understands the nature of the charges, his Boykin rights, the acts sufficient to constitute the offenses for which he is charged and the range of possible sentences before accepting defendant's guilty plea.
In State v. Williams, 554 So.2d 139 (La. App. 2 Cir.1989), this court held that the guilty plea colloquy was patently deficient where the court failed to adequately inform defendant of the maximum sentence which could be imposed.
In State v. Mitchell, 561 So.2d 819 (La. App. 2 Cir.1990), this court held that failure of the record affirmatively showing that defendant was advised of the range of penalties for the offense to which he pled was error patent because the reviewing court could not determine that the plea was knowingly and intelligently made and, thus, voluntary.
In State v. Hall, 616 So.2d 290 (La.App. 2 Cir.1993), this court held that failure to advise defendant of the maximum sentence of the crime to which he pleads is error patent and that failure to advise defendant that the sentence is imposable without benefit of parole is also error patent.
In State v. Carter, 619 So.2d 82 (La.App. 2 Cir.1993), this court, citing numerous state and federal cases wherein the courts held that ineligibility for parole is a consequence of a guilty plea of which a defendant must be apprised before there can be a finding that the plea was voluntarily and knowingly entered, found the guilty plea to be invalid due to the trial court's failure to inform defendant that he was ineligible for parole. See State v. Henderson, 520 So.2d 1028 (La.App. 3 Cir.1987); Harris v. United States, 426 F.2d 99 (6th Cir.1970); United States v. Smith, 440 F.2d 521 (7th Cir.1971); Moody v. United States, 469 F.2d 705 (8th Cir.1972).
In State v. Garth, 622 So.2d 1189 (La.App. 2 Cir.1993), the trial court's failure to apprise defendant of the minimum sentence for the offense to which he pled guilty was held to be error patent because a guilty plea will not be considered voluntarily and knowingly entered unless the court informed the defendant of the possible range of sentences for the offense to which he pled guilty.
In State v. Monroe, 25,825 (La.App. 2 Cir. 3/30/94), 635 So.2d 481, this court reiterated that the requirement that defendant be informed of the maximum penalty exposure in order to enter a knowing and intelligent guilty plea has been extended so that, additionally, if the statute under which the defendant is pleading guilty provides that the sentence is to be served without benefit of parole, probation or suspension of sentence, the defendant must be so informed.
In State v. Hodges, 26,171 (La.App. 2 Cir. 8/17/94), 641 So.2d 728, this court held that the trial court's failure to inform defendant that a portion of his sentence would necessarily be served without benefit of parole, probation or suspension of sentence was reversible error.
In State v. Powell, 28,173 (La.App. 2 Cir. 5/8/96), 674 So.2d 1057, this court cited State v. Mitchell, supra, for the proposition that the due process requirement for a knowing and intelligent or voluntary plea may be satisfied either by the court or by explanation from defense counsel that defendant was counseled before the plea was entered and found error patent in the guilty plea colloquy because the colloquy was devoid of advice, either from the court or counsel, of the penalty for driving while intoxicated, third offense, and that at least six months of his sentence must be served without benefit of parole, probation, or suspension of sentence.
However, in State v. Whitaker, 543 So.2d 1073 (La.App. 2 Cir.1989), we noted that, although this circuit has held that a defendant must be apprised of the maximum penalty exposure in order to enter a knowing *861 and intelligent guilty plea, Boykin does not require that the judge explicitly inform the defendant of the three rights before accepting a guilty plea, citing Buckley v. Butler, 825 F.2d 895 (5th Cir.1987) and quoting Brown v. Jernigan, 622 F.2d 914 (5th Cir. 1980), cert. denied 449 U.S. 958, 101 S.Ct. 368, 66 L.Ed.2d 224 (1980), ("neither the Constitution nor any rule of criminal procedure requires express articulation and specific waiver of these rights before a guilty plea may be accepted"). Citing State v. Washington, supra, the court noted that in Boykin the United States Supreme Court advised but did not expressly require that the trial court conduct a colloquy with the defendant to determine whether the defendant understands, among other things, the nature of the charge against him and the permissible range of sentences for the charge. The court concluded that the judge is not required to explicitly inform the defendant of the possible penalties which could be imposed under a guilty plea and that an affirmative showing of record that the defendant knew the possible penalties was sufficient.
Citing State v. Whitaker, supra, this court held that, when the record does not indicate that defendant was informed of the permissible range of sentences, defendant's guilty plea cannot be considered as voluntarily and intelligently made, and the conviction must be vacated. However, it is not required that the judge explicitly inform the defendant of the possible sentence exposure so long as there is an affirmative showing of record that the defendant knew the range of penalties imposable. State v. Watts, 550 So.2d 711 (La.App. 2 Cir.1989).
In a departure from the seemingly rigid rule of previous cases, in State v. Bradford, 627 So.2d 781 (La.App. 2 Cir.1993), this court explicitly stated that the scope of Boykin has not been expanded to require the specific enumeration to defendant of rights other than the trilogy listed. Citing State v. Nuccio, 454 So.2d 93 (La.1984), the court quoted that "Its (Boykin) scope has not been expanded to include advising defendant of any other rights which he may have, nor of the possible consequences of his actions ... For the most part, our application of Boykin has been with few exceptions or expansions." We further stated that when the record establishes that the defendant was informed of and waived his right to trial by jury, to confront his accusers and against self-incrimination, then the burden shifts to the accused to prove that despite this record his guilty plea was involuntary, citing State ex rel. LaFleur v. Donnelly, supra. In the case sub judice, the terms and details of the plea bargain were thoroughly explained in court before the defendant entered his guilty plea, and defendant knew exactly what his sentence would be if he chose to plead to the lesser charges. This court held that, under these circumstances, to require the trial court to specifically set out the possible sentencing range would be superfluous and cited State v. Medine, 623 So.2d 110 (La.App. 1 Cir.1993); State v. Harris, 601 So.2d 779 (La.App. 1 Cir.1992); and State v. Haney, 434 So.2d 1264 (La.App. 1 Cir.1983). In those cases, the court recognized that, although the language in many Louisiana cases concerning a requirement that defendant be advised of his possible sentencing exposure derives from footnote 7 of Boykin, Boykin does not require such advice. Further, the court stated that it is not clear what, if any, explanation is owed a defendant about his maximum penalty exposure, only that an understanding of the exposure is important in some cases. We noted a contrary decision in State v. Carter, supra, (Brown, J., dissenting).
This circuit concluded in State v. Cassels, 27,227 (La.App. 2 Cir. 2/28/96), 669 So.2d 715, which cited State v. Whitaker, supra, that the trial judge is not required to explicitly inform the defendant of the possible penalties as long as there was an affirmative showing of record that the defendant knew of the possible penalties. Further, citing State v. Mitchell, supra, and State v. Garth, supra, the court noted that, although no affirmative showing in the record that the trial court informed defendant of the range of penalties for the offense to which he pleaded guilty is recognized as error patent, the plea will not be categorically vacated because of their conclusion that the due process requirement for a voluntary and intelligent plea may be fulfilled *862 either by the trial court or by explanation from defense counsel that the defendant was so informed prior to the plea. The court considered the facts of the case sub judice and found that the guilty pleas were voluntarily and intelligently entered as the record showing of the required advisement was sufficient. Additionally, the court noted that, although at sentencing each defendant attempted to withdraw his guilty plea for other reasons, neither defendant indicated that he was surprised by the sentence imposed.
A careful reading of the foregoing cases indicates that this circuit has adhered to Boykin in holding that the record must affirmatively show that defendant knowingly and intelligently waived the three constitutionally guaranteed fundamental rights and, further, understood the nature of the offense with which he was charged and the permissible penalty range for that offense. Although failure to advise defendant of the basic rights, to ascertain his understanding of those rights and the nature of the charge against him, and to inform defendant that by pleading guilty his is waiving those rights is error patent, this circuit has not expressly required that the trial court explicitly enumerate the possible sentences for the offense with which defendant is charged and the eligibility of defendant for parole, probation or suspension of sentence. We have held that a record affirmatively showing that defendant understood the charge against him and was aware of the permissible penalty range for that offense is sufficient and will not render a guilty plea invalid.
Prior to entering a guilty plea in docket No. 28,929, defendant, in docket No. 28,930, was convicted of two counts of armed robbery and one count of attempted armed robbery on September 15, 1995. On January 10, 1996, defendant pled guilty to one count of armed robbery with the understanding that the remaining four counts of armed robbery would be dismissed and that the state would not file a multiple offender bill against defendant. During the guilty plea colloquy in docket No. 28,929, the trial judge advised defendant that by pleading guilty he was waiving his three constitutional rights, ascertained whether defendant understood the charge against him and if defendant had discussed the matter with counsel, and advised defendant of the permissible penalty range for the offense of armed robbery:
THE COURT: You understand that by pleading guilty to this charge you could be subjecting yourself up to a ninetynine year penitentiary sentence?
MR. JONES: Yes, sir.
THE COURT: And that the minimum sentence that could be imposed is five years without benefit of probation, parole or suspension of sentence. You understand that?
MR. JONES: Yes, sir.
Thereafter, the court questioned defense counsel:
THE COURT: ... Mr. Stinson, you've heard the questions I've asked your client and his answers. To the best of your knowledge are his answers made freely and voluntarily, based upon his knowledge of his rights guaranteed by the Constitution of the United States of America and the State of Louisiana?
MR. STINSON: Yes, sir.
THE COURT: Do you know of any reason the Court should not accept his plea as being free, voluntary and unqualified?
MR. STINSON: No, sir.
THE COURT: The Court finds sufficient evidence upon which to base a guilty plea and will accept same as being free, voluntary and unqualified.
Defendant was sentenced on February 5, 1996 in both docket No. 28,930 and docket No. 28,929. At that time, the court advised defendant that his sentences would be served without benefit of probation, parole or suspension of sentence. On the record, the court reviewed defendant's lengthy PSI which indicated that he had previously been charged with three counts of armed robbery and plead guilty on February 28, 1986, to first degree robbery, with the two remaining counts dismissed. Further, defendant did not attempt to withdraw his guilty plea, nor did he indicate any surprise that the sentences were imposed without benefit of probation, parole or suspension of sentence. Defendant filed a timely motion to reconsider *863 sentence on February 28, 1996, which was denied by the trial court on March 6, 1996. On appeal, counsel for defendant assigned as error only the excessiveness of the sentences. This court granted defendant's motion to file and brief pro se supplemental claims. Defendant never filed any supplemental briefs or, in any other way, raised an issue of an invalid guilty plea.
We conclude that the trial court's questioning of defendant and his counsel during the guilty plea colloquy, defendant's prior convictions for the same offense in docket No. 28,930, and defendant's failure to assign as error an invalid guilty plea indicate that defendant had a full understanding of the connotations and consequences of his guilty plea. Therefore, we find that the record affirmatively shows that defendant was aware and fully understood that the penalty for armed robbery was imposable without benefit of probation, parole or suspension of sentence. For the foregoing reasons, we find that defendant's guilty plea was knowingly and intelligently entered, and, thus, voluntary.
As to the remaining charges and sentences, we find defendant's contentions concerning excessiveness to be without merit. The test imposed by the reviewing court in determining the excessiveness of a sentence is two-pronged. First, the record must show that the trial court took cognizance of the criteria set forth in La.C.Cr.P. art. 894.1. State v. Smith, 433 So.2d 688 (La.1983). Here, the trial court considered a PSI report which related defendant's age, family ties, marital status, health, and employment record. He had an extensive juvenile record and was a third felony offender. He had been fined in 1980 for illegally carrying weapons. A simultaneous charge of aggravated assault was dismissed. Two aggravated assaults and one simple battery were set for trial in 1981, but the probation officer found no disposition. In 1984 a charge of illegally discharging a firearm was nolle prossed when defendant was found guilty of illegally carrying a weapon. He was placed on two years probation. In 1985 the state charged defendant with three counts of armed robbery. He pled guilty to first degree robbery, gained the dismissal of the other counts, and served three years at hard labor until being paroled. Defendant was charged with simple battery in 1991, however no disposition was found. He pled guilty in 1992 to possession of cocaine in exchange for the state's dismissal of other charges. In the instant cases, he had initially been charged with illegally carrying weapons and possession of a firearm by a felon, but no bills were filed for those offenses. Defendant had been expelled from high school for fighting. At the time of sentencing he was 39 years old with only one month of employment since high school. He was divorced, had no dependents, and claimed to have back problems. He was not eligible for probation due to the offense committed. The court noted that defendant had failed to conform his behavior to non-criminal acts and determined that he was a serious threat to society. Finally, the judge stated his belief that a lesser sentence would deprecate the seriousness of defendant's conduct. This record shows the trial court adequately considered the required matters.
Secondly, whether a sentence is too severe depends on the circumstances of the case and the background of the defendant. A sentence is constitutionally excessive if it is grossly out of proportion to the seriousness of the offense or nothing more than a purposeless and needless infliction of pain and suffering. State v. Bonanno, 384 So.2d 355 (La.1980). A sentence is considered grossly disproportionate if, when the crime and punishment are considered in light of the harm done to society, it shocks the sense of justice. State v. Hogan, 480 So.2d 288 (La.1985); State v. Richardson, 545 So.2d 714 (La.App. 2d Cir.1989).
A trial court has wide discretion to sentence within the statutory limits. Absent a showing of manifest abuse of discretion, we do not set aside a sentence as excessive. State v. Square, 433 So.2d 104 (La.1983); State v. Hudgins, 519 So.2d 400 (La.App. 2d Cir.1988); State v. Madison, 535 So.2d 1024 (La.App. 2d Cir.1988); State v. Thompson, 25,583 (La.App. 2d Cir. 1/19/94), 631 So.2d 555.
Armed robbery is punishable by not less than five nor more than 99 years at hard *864 labor. The trial court chose sentences from the middle of the statutory range and demonstrated great lenience by directing the two 50-year sentences to be served concurrently. The crime is a serious offense which creates a highly explosive atmosphere in which victims, perpetrators, and bystanders may be injured or killed. State v. Curry, 593 So.2d 860 (La.App. 2d Cir.1992). Considering the record before us, the defendant's record of convictions, and the nature of the robbery spree upon which he embarked, the penalty imposed cannot be said to inflict pain and suffering unnecessarily. See State v. Tucker, 591 So.2d 1208 (La.App. 2d Cir.1991), writ denied, 594 So.2d 1317 (1992), approving consecutive sentences of 45 years each for two armed robberies and 30 years for a first degree robbery where the defendant robbed several gas stations over a one-month period; and, State v. Moore, 575 So.2d 928 (La.App. 2d Cir.1991), which upheld 60-year consecutive sentences for two separate armed robberies of the same pizza parlor. We note that this defendant committed robberies at several locations on more than one occasion.
We have examined the record of trial for error patent and found none.

CONCLUSION
The convictions and sentence are affirmed.
AFFIRMED.
NOTES
[1] On September 5, 1996 we granted defendant leave to file and brief pro se supplemental claims. On November 26 we extended the return date to December 11. No filing was made as of December 18, 1996. We therefore consider only the assignments and briefs which were timely filed.