UNITED STATES of America,
Plaintiff-Appellee,

v.

Clive HOLLINSHEAD, Defendant-
Appellant.

UNITED STATES of America,
Plaintiff-Appellee,

v.

Johnnie Brown FELL, Defendant-
Appellant.

Nos. 73–2525, 73–2526.

United States Court of Appeals,
Ninth Circuit.

April 11, 1974.

Rehearing Denied in No. 73–2525
June 3, 1974.

Rehearing Denied in No. 73–2526
June 17, 1974.

Ramon C. Grolock (argued), Sun Valley, Cal., for defendant-appellant Hollinshead.

Alvin S. Michaelson (argued), Los Angeles, Cal., for defendant-appellant Fell.

Earl E. Boyd, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellee.

Before DUNIWAY, CARTER and WRIGHT, Circuit Judges.

## OPINION

DUNIWAY, Circuit Judge:

These are consolidated appeals from judgments of conviction of conspiracy to transport stolen property in interstate commerce and of causing the transportation of stolen property in interstate commerce in violation of 18 U.S.C. § 2314. Between them, Fell and Hollinshead raise nine claims of error. However only one of them is sufficiently colorable to warrant serious consideration.

In barest outline, the salient facts are these. Hollinshead, a dealer in pre-Columbian artifacts, arranged with one Alamilla, a co-conspirator, to procure such artifacts in Central America, and to finance Alamilla in doing so. Although there were other such artifacts handled by the conspirators, the evidence centered primarily on one of them. This is a pre-Columbian stele known as Machaquila Stele 2, a rare and choice item worth many thousands of dollars. It was found in a Mayan ruin in the jungle of Guatemala, cut into pieces, and brought to Fell's fish packing plant in Belize, British Honduras. There the pieces were packed in boxes and marked "personal effects" and addressed to Hollinshead at Santa Fe Springs, California. This was done in the presence of Hollinshead and Fell as well as other conspirators. Also present were some Guatemalan officers, who departed after receiving bribes. The stele was shipped to Miami, Florida, where Fell and another conspirator, Dwyer, picked it up. They attempted, without success, to sell it to various collectors and museums in this country, traveling with it to Decatur, Georgia, to New York City, to Wisconsin and to Raleigh, North Carolina. Ultimately it wound up in Hollinshead's possession in California, and he, too, attempted to sell it.

Eight of the claims raised by appellants relate to the sufficiency of the evidence or to the admission or exclusion of particular evidence at the trial. We have reviewed each of these claims and find none of them meritorious. There was ample independent evidence of the conspiracy to support the admission of evidence of co-conspirator's declarations and acts against each defendant. There was certainly enough evidence of the existence of a single conspiracy to submit the issue to the jury. The trial judge properly exercised his discretion when he permitted certain cross-examination of Hollinshead to which objection was made and when he disallowed the improper cross-examination of witnesses Feeney and Dwyer; United States v. Brown, 9 Cir., 1972, 455 F.2d 1201, 1204; United States v. Haili, 9 Cir., 1971, 443 F.2d 1295, 1299. The admission of witnesses Lujan's expert testimony was also proper.

■ Appellants' one arguable contention is that the court erroneously instructed the jury that there is a presumption that every person knows what the law forbids. Devitt & Blackmar, § 13.04, pages 274–5. They point to the fact that it is the law of Guatemala that characterizes the stele as stolen property, and that there is no presumption that they knew Guatemalan law. Essentially their claim is that the instruction was overbroad and that it should have been supplemented with or limited by an instruction requested by appellants which made it clear that there is no such presumption as to knowledge of foreign law.

The court had received expert testimony as to the law of Guatemala regarding artifacts such as Machaquila Stele 2. Under that law, all such artifacts are the property of the Republic, and may not be removed without permission of the government. There was also overwhelming evidence that the defendants knew that it was contrary to Guatemalan law to remove the stele, and that the stele was stolen. Both their conduct and admissions that they made to investigators and others almost compel such a conclusion. It would have been aston-

ishing if the jury had found that they did not know that the stele was stolen.

Early in his instructions, in defining the offenses charged, the judge defined the word "stolen" as used in 18 U.S.C. § 2314:

> " 'Stolen' means acquired, or possessed, as a result of some wrongful or dishonest act or taking, whereby a person willfully obtains or retains possession of property which belongs to another, without or beyond any permission given, and with the intent to deprive the owner of the benefit of ownership."

There was no objection to this instruction.

Later in his instructions, the judge gave the instruction to which appellants objected and now object. He did so because the law under which the appellants were charged was the law of the United States, and also, because, while the government was required to prove that appellants knew that the stele was stolen, McAbee v. United States, 9 Cir., 1970, 434 F.2d 361, 362, it was not required to prove that appellants knew where it was stolen, *cf.* Pugliano v. United States, 1 Cir., 1965, 348 F.2d 902, 903. It follows that it was not necessary for the government to prove that appellants knew the law of the place of the theft. Appellants' knowledge of Guatemalan law is relevant only to the extent that it bears upon the issue of their knowledge that the stele was stolen. The judge specifically instructed the jury that it must find beyond a reasonable doubt that appellants knew that the stele had been stolen. Thus, the judge's failure to clarify the issue of the proof of knowledge of the law of Guatemala, while it may have been error, was not, in our opinion, prejudicial. Viewing the instructions as a whole, we think it most unlikely that the jury thought that the questioned instruction referred to the law of Guatemala. *Cf.* Cohen v. United States, 9 Cir., 1967, 378 F.2d 751, 752.

Affirmed.