**UNITED STATES of America,**
**Plaintiff-Appellee,**

v.

**Patty McCLAIN, Joseph M. Rodriguez, Ada Eveleigh Simpson, William Clark Simpson and Mike Bradshaw, Defendants-Appellants.**

No. 75-3368.

United States Court of Appeals, Fifth Circuit.

April 20, 1977.

Charles E. Biery, San Antonio, Tex. (Court-appointed), for McClain.

Thomas H. Sharp, Jr., and J. Michael Myers (Court-appointed), San Antonio, Tex., for Rodriguez.

O'Neal Munn, Gerry L. Saum, San Antonio, Tex., for Ada Simpson.

James R. Gillespie, James R. Gillespie, Inc., P. C., San Antonio, Tex., for M. Bradshaw.

Edward E. DeWees, Jr., San Antonio, Tex., for Wm. C. Simpson.

John E. Clark, U. S. Atty., W. Ray Jahn, LeRoy Morgan Jahn, Asst. U. S. Attys., San Antonio, Tex., for U. S.

James R. McAlee, Rosalind C. Cohen, Patrick F. J. Macrory, Washington, D.C., amicus curiae, for Am. Assoc. of Dealers in Ancient, etc. Art.

## ON PETITION FOR REHEARING

Before WISDOM and INGRAHAM, Circuit Judges, and GROOMS,* District Judge.

PER CURIAM:

In its petition for a rehearing the Government states that it "does not contest the result of [this Court's] opinion, and generally accepts the Court's legal conclusions". The Government, however, alluded to the following language of the opinion: "If the exportation occurred after the effective date of the 1972 law, the artifact may have been stolen—but only if it were not legitimately in the seller's hand as a result of prior law (Transitory Fourth). If the exportation occurred before 1972 but after the effective date of the 1934 law, it would be necessary to show that an artifact was found on or in an immovable archaeological monument". The petitioner suggests to the Court that the quoted language should be amended by a reference to the language of Article 12 of the 1934 statute.

This article, as translated by the State Department and quoted in the brief of the amicus, reads as follows:

ARTICLE 12. Archeological objects not entered in the Register of Private Archeological Property within the period stipulated in provisional article 2 [two years] shall be presumed to come from archeological monuments which are real [immovable] property.

This translation is substantively identical with the Library of Congress translation attached to the Government's petition for rehearing:

It is presumed that archaeological objects not registered in the Registry of Private Archaeological Property after the term set in transitory article 2 [of this law] proceed from archaeological immovable monuments.

Article 12 has the effect of bringing pre-Columbian objects, unregistered within two years from the effective date of the Act, under Article 4, which reads as follows:

ARTICLE 4. All immovable archeological monuments belong to the Nation. Objects which are found in [or on] immovable archeological monuments are considered as immovable property, and they therefore belong to the Nation.

Thus the presumption in Article 12 equates with a showing "that an artifact was found on or in an immovable archeological monument".

In discussing the 1934 law, although we did not refer directly to Article 12 we referred to Article 9 which established a "Register of Private Archeological Property" for movable artifacts "that are the property of private individuals at the time of this law's entry into force and for those which they may legally acquire in the future". We noted that Article 10 provided that "transfer of ownership may be made of registered objects but required the transfers to be recorded". We also noted the expansion of the term "archeological monuments" in Article 3 to include "all vestiges of the aboriginal civilization dating from the completion of the Conquest". And we quoted Article 4. We assumed that a showing of an artifact's having been found in or on an immovable monument could be made either by direct evidence or by the presumption arising from the artifact's not having been registered. That does not end the matter.

On the state of this record and the briefs before us, a discussion of the presumption

* Senior District Judge of the Northern District of Alabama sitting by designation.

would have been more confusing than clarifying. We do not know whether the presumption is conclusive or rebuttable. We do not know whether the statute creates a continuing presumption; the article establishes a presumption as to archaeological objects not registered within two years from the effective date of the Act. Moreover, the 1970 Act specifically abrogated the 1934 Act. (Transitory Article Second.) Although the new Act preserved the legal effect of registrations, there is no savings clause in the 1970 Act to continue the legal presumption in the 1934 Act. These and related questions were not discussed in the original briefs or in the Government's petition for rehearing. This is a thicket the court may have to enter, depending upon the facts, to say nothing of the law, developed at a second trial of the defendants. We reversed this case because of the trial court's erroneous instruction that since 1897 Mexican law has declared all pre-Columbian artifacts to be the property of the Republic. This instruction required a brief discussion of the 1897 law and its progeny, but not an exegesis of every relevant statutory clause or a holding on every issue that was or might have been raised.

We did not reach the issue of scienter. Speaking generally, in footnote 30 [545 F.2d at page 1002] we stated, however: "Again, the specific scienter requirement eliminates the possibility that a defendant is convicted for an offense he could not have understood to exist". We quoted, with approval, Professor Paul Bator's statement that "it is not a violation of law to import simply because an item has been illegally exported from another country".

As expressly pointed out in footnotes 20 and 36 of the opinion, and as the opinion contemplates, on remand objective testimony on the meaning of the relevant Mexican statutes will lighten the burden of both the district court and reviewing court. The instructions given at the trial of this case were clearly in error as to Mexican law. If a second trial is held, experts will have an opportunity to correct any misconstruction of which this Court may have been guilty in

venturing forth in the arcane field of the Mexican law of pre-Columbian artifacts. And the parties, hopefully with adequate factual and legal predicates, will have an opportunity to argue issues inadequately presented in their briefs before us or not argued and not reached in our decision.

The petition for rehearing is DENIED.