Arthur WILLIAMS, Rosemarie Williams Judge, Janet Julian, Naomi Williams, Mathias Williams, Dolphus Judge,

v.

Lawrence A. McNAMARA, Charles A. McManus, Walter R. Derby, Ronald Smith, Individually and in their official capacities as Police Officers of the City of Boston, City of Boston.

Civ. A. No. 85–4806–WF.

United States District Court,
D. Massachusetts.

Feb. 2, 1988.

Edmund Pitts, Boston, Mass., for plaintiffs.

John Roache, Asst. Corp. Counsel, Boston, Mass., for defendants.

## MEMORANDUM AND ORDER ON DEFENDANTS' MOTION TO EXTEND DISCOVERY (# 41)

ROBERT B. COLLINGS, United States Magistrate.

Plaintiffs claim that on January 2, 1983, the defendant police officers unlawfully entered plaintiffs' Dorchester residence without an arrest warrant, a search warrant, or the plaintiffs' consent. It is alleged that after forcibly entering the premises, the defendant police officers assaulted one of the plaintiffs with a two-by-four, used excessive force against other of the plaintiffs, and uttered racial epithets at all of the plaintiffs. On these facts, plaintiffs have brought claims under 42 U.S.C. § 1983 and various pendent claims under state law. The defendant City of Boston is sued under the theory of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).

Discovery has been closed by the Court. The defendants, asserting the inadequacy of the plaintiffs' answers to the so-called "expert interrogatories" which defendants propounded pursuant to Rule 26(b)(4)(A)(i), F.R.Civ.P., ask the Court to extend the time for discovery and allow the defendants to take the depositions of the plaintiffs' expert witnesses.

The plaintiffs plan to call two experts. One is a carpenter who will testify to the extent and cost of needed repairs to plaintiffs' residence as a result of the alleged incident. The information provided in the plaintiffs' answers with respect to the carpenter is sufficient, and I will not extend the discovery period in order for defendants to depose him.

The question of the second expert, one Dr. Larry Siegel, is more difficult. The interrogatory and answer with respect to Dr. Siegel read as follows:

*Interrogatory No. 16*

Please state the identity and address of each person expected to be called as an expert witness, the subject matter on which he is expected to testify, the substance of his testimony, and a summary of the grounds for each opinion.

*Answer No. 16*

*Larry Siegel,* PhD in Criminology, author of numerous texts on criminology, former professor of criminology at Northeastern University and currently professor of criminology at St. Anselm's College, Manchester, NH.

The subject matter on which Professor Siegel will testify will be proper police training, supervision, conduct and nationally recognized police standards as they relate to the events at plaintiff's residence at 142 Rossetter Street, Dorchester on January 2, 1983, the events at police headquarters on January 3, 1983 and any subsequent events the facts of which develop to indicate police harrassment [sic] and retaliation against plaintiffs.

The substance of Professor Siegel's testimony will be that in his opinion the general training, education and supervision of the police officers was negligent and substandard; that the procedures followed by the police officers in attempting to serve the warrant for Otis McGahee and in attempting to arrest Arthur was substandard; that the police had no probable cause or reasonable justification to enter the first floor apartment with force, search it and use physical force and intimidation on the occupants; that the police violated both published departmental rules and recognized national standards by failing to properly report the use of force against plaintiffs on January 2 and 3, 1983; that it was negligent and substandard for senior police personnel including the Commissioner to permit the use of force to go unreported and to not be reviewed by them; that the police department's civilian complaint mechanism and internal affairs department were ineffectual, negligently super-

vised and totally substandard; that the City and its police commissioner encouraged and condoned the use of excessive force, summary punishment and abuse of process against civilians; that the police actions against plaintiffs were pursuant to a city policy or custom; and that the acts of brutality inflicted on these plaintiffs reflects a city policy or custom and deliberate indifference to the use of excessive force and summary punishment. The grounds for these opinions of Professor Siegel will be answers, interrogatories and testimony of both defendants and the plaintiffs, the reports filed by the police, the contents of the police personnel files, Boston Police Department rules and recognized police standards found in such sources as Massachusetts Police Institute Policy and Procedures and criminology textbooks, including those authored by Professor Siegel.

Rule 26(b)(4)(A)(i), F.R.Civ.P., provides as follows:

A party may through interrogatories require any other party to identify each person whom the other party expects to call as an expert witness at trial, to state the subject matter on which the expert is expected to testify, and to state the substance of the facts and opinions to which the expert is expected to testify and a summary of the grounds for each opinion.

While plaintiffs' answers with respect to identifying the expert and stating the general subject matter of Dr. Siegel's testimony are probably adequate, the statement of the "substance of the opinions" and the "summary of the grounds for each opinion" are inadequate. I use "inadequate" in the sense that these portions of the answers are not adequate to inform the defendants of what the testimony of the expert will be at trial so that the defendants can gather evidence to rebut the expert's opinions.

A few examples will suffice. Dr. Siegel will opine that "the general training, education and supervision of the police officers was negligent and substandard." This is singularly uninformative as to the substance of the opinions. To be sufficient, the answers must give some indication as to particular respects in which the training, education and supervision were substandard. Similarly, a sufficient statement of the substance of the opinion must inform the defendants in what respects the procedures followed by the police on January 2, 1983 were "substandard." The answers must identify the "published departmental rules" and "recognized national standards" which were violated when the use of force was not properly reported. They must inform the defendants in what respects the "police department's civilian complaint mechanism and internal affairs department" were "ineffectual, negligently supervised, and totally substandard."

The plaintiffs must state the "grounds," i.e. basis, reason why, Dr. Siegel opines that there exists a policy of the City of Boston to encourage and condone the use of excessive force, summary punishment and abuse of process against its citizens.

In sum, the statement of the "substance" of Dr. Siegel's opinion is too general. In addition, the answers as to "grounds for each opinion" do not correct the problem because plaintiffs' counsel completely mistakes what is meant by the phrase. The wording used in the Rule is "summary of the grounds for each opinion," not a summary of the source of each factual assertion. Thus, asking for a "summary of the grounds for each opinion" does not call for a recitation of documents which the expert reviewed in connection with his testimony; rather, the term refers to the reasons or rationale behind the opinions. To the extent that the "substance of the opinions" is stated more broadly, it becomes essential for the "summary of the grounds for each opinion" to inform the interrogating party of the reasons or bases for the opinions. Otherwise, the answers are in large measure useless for the defendants' purposes, as the present answers are in this case.

In these circumstances, I find that the defendants are entitled to further discovery with respect to the opinions to which Dr. Siegel will testify and the grounds for those opinions. I decline to order further

answers. Inadequacy of answers to interrogatories propounded pursuant to Rule 26(b)(4)(A)(i), F.R.Civ.P., is a reason for the Court to exercise its discretion under Rule 26(b)(4)(A)(ii), F.R.Civ.P., and allow a deposition of the expert.

Accordingly, it is ORDERED that Defendants' Motion To Extend Discovery (# 41) be, and the same hereby is, ALLOWED. Pursuant to Rule 26(b)(4)(A)(ii), F.R.Civ.P., the defendants may take the deposition of Dr. Siegel. Pursuant to Rule 26(b)(4)(C)(i), F.R.Civ.P., the defendants shall pay Dr. Siegel a reasonable fee for his time spent in preparing for the deposition, travelling to and from the place of deposition, and actually being deposed.

Dr. Siegel's deposition shall be completed *on or before Tuesday, March 1, 1988.*