Melissa BRENNAN, Mary Brennan, James Brennan,

v.

INNOVATIVE DINING OF MASSACHUSETTS, INC. d/b/a Bennigan's,

v.

Arthur A. MAGLARAS.

Civ. A. No. 90–11572–S.

United States District Court, D. Massachusetts.

May 17, 1991.

John T. Lamond, Hart and Lamond, Lowell, Mass., for plaintiff.

Peter J. MacDonald, Sarah A. Stafford, Hale and Dorr, and John J. Finn, Fay, Flynn & Fay, Boston, Mass., for defendants.

### ORDER ON DEFENDANT'S MOTION TO STRIKE PORTIONS OF PLAINTIFFS' RESPONSE TO EXPERT INTERROGATORIES (# 22)

ROBERT B. COLLINGS, United States Magistrate Judge.

■ In the motion to strike a portion of the plaintiffs' answers to the so-called "expert interrogatories," defendant does not contend that the answers do not adequately provide its attorneys with the material to which it is entitled pursuant to Rule 26(b)(4)(A)(i), Fed.R.Civ.P. *Cf. Williams v. McNamara*, 118 F.R.D. 294 (D.Mass., 1988). Rather, defendant argues that the expert is not qualified to give the opinion which plaintiffs state he will render in this case.

■ In my judgment, this is not a ground for striking an answer to an interrogatory. The purpose of an interrogatory is, among others, to inform a party of what evidence an opposing party intends to produce. So long as the answer to an interrogatory provides that information, it is not subject to a motion to strike because the evidence would be inadmissible at trial. The proper procedure for defendant's coun-sel at this point is to either object to the testimony at trial or file a pre-trial motion *in limine* seeking a pre-trial ruling that the testimony will not be permitted at trial.

I do not think that the rule should be any different because defendant has a motion for summary judgment pending. If the answer is part of the record upon which the motion is to be decided, the judicial officer ruling on the motion can determine on the basis of the materials presented whether or not the expert's opinion would be admissible at trial. In this connection, Rule 56(c), Fed.R.Civ.P., provides, in pertinent part:

Supporting and opposing affidavits shall be made on personal knowledge, **shall set forth such facts as would be admissible at trial, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.** *Id.* (emphasis added).

Accordingly, in the summary judgment proceedings, the defendant will have full opportunity to argue that the expert is not competent to testify as an expert to the opinions contained in plaintiffs' answers to the expert interrogatories.

It is ORDERED that the Defendant's Motion To Strike Portions Of Plaintiffs' Response To Expert Interrogatories (# 22) be, and the same hereby is, DENIED.