The **REPUBLIC OF TURKEY, Plaintiff,**

**v.**

**OKS PARTNERS, Oxbow Corporation, Jonathan Kagan, Individually and as he is a partner of OKS Partners, Jeffrey Spier, Individually and as he is a partner of OKS Partners, William I. Koch, Spring Creek Art Foundation, Inc., Defendants.**

Civ. A. No. 89–3061–S.

United States District Court, D. Massachusetts.

Feb. 3, 1993.

David S. Weiss, Goulston & Storrs, Boston, MA, for plaintiff.

James L. Bryant, D. Lloyd Macdonald, Lloyd D. Macdonald, Kirkpatrick & Lockhart, Boston, MA, for defendants OKS Partners, Jonathan Kagan, and Jeffrey Spier.

A. Hugh Scott, Choate, Hall & Stewart, Boston, MA, for defendant Oxbow Corp.

Jeffrey S. Robbins, Peter A. Biagetti, R. Robert Popeo, Edward P. Parker, Mintz, Levin, Cohn, Ferris, Glovsky & Popeo, P.C., Joseph F. Ryan, Lyne, Woodworth & Evarts, Boston, MA, for defendant William I. Koch.

Paul J. O'Donnell, Ropes & Gray, Boston, MA, for Spring Creek Art Foundation.

MEMORANDUM AND ORDER ON (1) DEFENDANTS' MOTION FOR AN ORDER COMPELLING PRODUCTION OF DOCUMENTS AND INTERROGATORY ANSWERS CENTRAL TO JANUARY 20, 1993 HEARING ON TURKISH LAW (# 63), (2) PLAINTIFF'S MOTION FOR AN ORDER VACATING DEFENDANT OKS PARTNERS' DEPOSITION NOTICE AND COMPELLING DEFENDANTS TO IDENTIFY AND PRODUCE THEIR EXPERT WITNESSES FOR DEPOSITION (# 65), AND (3) OKS PARTNERS' MOTION TO COMPEL RE: RULE 30(b)(6) DEPOSITION AND FOR AWARD OF EXPENSES (# 68)

COLLINGS, United States Magistrate Judge.

### Introduction

This case requires the Court to determine the general limits, if any, on discovery which may be obtained in advance of a hearing to determine a question of foreign law pursuant to Rule 44.1, Fed.R.Civ.P., and whether there is any preliminary showing which the party seeking discovery must make before a motion to compel discovery beyond those limits will be granted.

### The Facts

The Republic of Turkey (hereinafter "the Republic") filed the instant action to seek the recovery of approximately two thousand ancient Greek and Lycian silver coins, the so-called "Elmali Hoard", presently in the possession of the defendants. According to the allegations of the amended complaint, in or about April of 1984, the subject coins were unlawfully excavated from a site near Elmali, Turkey, smuggled out of the country, and ultimately acquired by the defendants.

The Republic claims title to the Elmali Hoard under the provisions of Turkish law, specifically Article 5 of Law No. 2863, the Law on the Protection of Cultural and Natural Properties (July 21, 1983), Article 697 of the Turkish Civil Code, and the Turkish Constitution. The defendants dispute the extent of the plaintiff's ownership interest in the ancient coins, arguing that the Republic's construction of its antiquities laws, in particular the 1983 Act, Law No. 2863, is erroneous. The district judge to whom this case is assigned has determined that an evidentiary hearing pursuant to Fed.R.Civ.P. 44.1 shall be held in order to resolve the potentially dispositive issues of Turkish law.[1]

During the course of preparing for the evidentiary hearing, discovery disputes arose between the parties which resulted in the filing of the various motions now before the Court. Although the motions address the individual requests for production of documents, interrogatory answers and a notice of deposition, the overriding issue is essentially the relevance of the breadth of discovery sought. To place the controversy in context, it is perhaps best to start with an examination of Rule 44.1, Fed. R.Civ.P.

### Rule 44.1, Fed.R.Civ.P.

■ Enacted with a view toward establishing a procedure by which issues concerning foreign law can be uniformly raised and decided, Rule 44.1 provides:

---

1. Originally scheduled for January 20, 1993, the evidentiary hearing has been postponed pending a decision on the discovery motions and completion of the preparatory discovery.

A party who intends to raise an issue concerning the law of a foreign country shall give notice by pleadings or other reasonable written notice. The court, in determining foreign law, may consider any relevant material or source, including testimony, whether or not submitted by a party or admissible under the Federal Rules of Evidence. The court's determination shall be treated as a ruling on a question of law.

Fed.R.Civ.P. 44.1.

By clearly characterizing the determination of foreign law as a question of law rather than one of fact as it had previously been treated, the adoption of Rule 44.1 in 1966 marked a watershed with respect to the method or manner of proving foreign law. A leading commentator has explained that:

The new Rule (44.1) permits the court to consider any material that is relevant to a foreign-law issue, whether submitted by counsel or unearthed by the court's own research, and without regard to its admissibility under the rules of evidence.

\*　　\*　　\*　　\*　　\*　　\*

Since the new Rule dissipates former inhibitions, the court may consider any material the parties wish to present. Statutes, administrative material, and judicial decisions can be established most easily by introducing an official or authenticated copy of the applicable provisions or court reports supported by expert testimony as to their meaning ... In addition to primary materials and expert testimony, a litigant may present any other information concerning foreign law he believes will further his cause, including secondary sources such as texts, learned journals, and a wide variety of unauthenticated documents relating to foreign law.

Arthur R. Miller, *Federal Rule 44.1 and the "Fact" Approach to Determining Foreign Law: Death Knell for a Die–Hard Doctrine,* 65 Michigan Law Review 613, 656–657 (1967) (footnotes omitted); *See also,* Rudy J. Peritz, *Determination of Foreign Law Under Rule 44.1,* 10 Texas International Law Journal 67, 76 (1975).

Thus, under Rule 44.1, while the strictures of the rules of evidence regarding admissibility do not pertain, the broad range of source materials a court may consider in determining foreign law remains circumscribed by the concept of relevance.

Although each case is distinct in its circumstances, a review of the reported decisions involving Rule 44.1 is instructive in providing a general sense of the types of materials courts consider in actual practice. It appears fairly universal that "written or oral expert testimony accompanied by extracts from foreign legal material is the basic method by which foreign law is proved." *Ganem v. Heckler,* 746 F.2d 844, 854 (D.C.Cir., 1984) (citations omitted); *see also, Remington Rand v. Business Systems Incorporated,* 830 F.2d 1260, 1263 (3 Cir., 1987); *Kaho v. Ilchert,* 765 F.2d 877, 882–884 (9 Cir., 1985); *Twohy v. First National Bank of Chicago,* 758 F.2d 1185, 1192 (7 Cir., 1985); *United States v. First National Bank of Chicago,* 699 F.2d 341, 343 (7 Cir., 1983); *Kalmich v. Bruno,* 553 F.2d 549, 555 n. 4 (7 Cir., 1977); *Government of Peru v. Johnson,* 720 F.Supp. 810, 811–814 (C.D.Ca., 1989); *Chadwick v. Arabian American Oil Company,* 656 F.Supp. 857, 860–861 (D.Del., 1987); *Merican, Inc. v. Caterpillar Tractor Co.,* 596 F.Supp. 697, 699–700 (E.D.Pa., 1984); *Curtis v. Beatrice Foods Co.,* 481 F.Supp. 1275, 1285 (S.D.N.Y., 1980). Courts are also found to reference foreign case law decisions, treatises and learned articles. *See, e.g., Remington Rand v. Business Systems Incorporated, supra,* 830 F.2d at 1264; *Kaho v. Ilchert, supra,* 765 F.2d at 882; *Twohy v. First National Bank of Chicago, supra,* 758 F.2d at 1194–1195; *Merican, Inc. v. Caterpillar Tractor Co., supra,* 596 F.Supp. at 703.

### *The Parties' Positions on Applicable Turkish Law*

The state of the record in the present case is that the Republic has identified the Turkish laws upon which it will rely in asserting ownership to the Elmali Hoard.[2]

---

**2.** *See* Memorandum in Support, # 64, Exhibit A,

Plaintiff's Response to Oxbow Corporation's

Further, in support of its opposition to the various motions to dismiss earlier decided, the plaintiff filed two lengthy and detailed affidavits of Turkish law experts who analyzed and interpreted those laws consistent with the Republic's position that the coins are state property.

At the Court's request, the defendants have filed a copy of their answers to expert interrogatories (# 88). Therein three expert witnesses who are expected to give evidence on the substantive issues of Turkish law are identified. The summary of the grounds for each expert opinion is identical:

a. As to principles of civil law with respect to property interests: The collective academic and research experience reflected in the above appointments [for each individual expert] and positions and publications attached hereto, drawing upon the principles of civil jurisprudence and the rules of Civil Code, constitutional and statutory interpretation and construction.

b. As to the particular provisions of law 2863:

(1) The law itself, the 1987 amendment and regulations promulgated thereunder.

(2) The 1982 Constitution of the Turkish Republic.

(3) Legislative history of the 1983 Act (in process of identification and translation): Includes, but is not limited to, the debates/colloquy in the Consultative Assembly (May–June 1983) and reports and papers published with the Consultative Assembly proceedings.

(4) Published materials, including the statutory texts, with respect to the evolution and the reasons behind the evolution of the antiquities law of Tur-

key: The 1906 Ottoman Decree, the Law 1710 of 1973 and the 1983 Act.

Defendant OKS Partners', Jonathan Kagan's and Jeffrey Spiers' Answers to the Plaintiff's Expert Interrogatories, # 88 at pp. 4–5, 8–9, 11–12.

Based upon these materials, the defendants' experts will opine that the Republic "obtains true ownership status in antiquities only as a result of a government decision to acquire them and to make actual payment for such antiquities." *Id.* at pp. 4, 7, 10.

*What Discovery is Permitted Before a Rule 44.1 Determination*

■ Although the parties appear to be fairly well-armed with the primary types of materials considered under Rule 44.1, the defendants seek further information "aimed at eliciting explanations" of the legislative history of the 1983 Act and information with respect to the manner in which the antiquities law is administered. The underlying document requests, interrogatories and Rule 30(b)(6) deposition notice are all somewhat sweeping in scope. It has been recognized that in the context of Rule 44.1, "the court may have to exercise more than the normal amount of control during discovery to avoid abuse." Wright and Miller, Federal Practice and Procedure, § 2444 at p. 413 (1971). This is just such a case.

At the hearing on the motions on January 12, 1993, in an effort to demarcate the limits of relevancy, the Court questioned whether the information sought would be considered by a Turkish court in construing its own laws.[3] Prompted by the court's inquiry, the parties have filed supplemental memoranda addressing that issue.

First Request for Production of Documents, Response to Request No. 12 at pp. 13–14; Plaintiff's Response to Oxbow Corporation's First Set of Interrogatories, Response to Interrogatory No. 15 at pp. 16–17.

**3.** The First Circuit recently had occasion to note that

Although applicable Turkish law is patterned on familiar European models, notably

the Swiss Code of obligations, and has been translated into English, see, Swiss Federal Code of Obligations with Turkish Alterations (G. Wettstein ed. 1928), it is still subject to Western judges' general lack of familiarity with civil law principles. *Mercier v. Sheraton International, Inc.,* 981 F.2d 1345 n. 10 (1 Cir.1992).

Although not in accord on all points, the various treatises and commentaries cited in the supplemental briefs appear to agree that a civil code country court will resort to consideration of legislative history when a statute is found to be ambiguous. It is undisputed, however, that in the present case, the defendants are in possession of the published legislative history of the 1983 Act. At this juncture, it has not been shown that a Turkish court, in construing Turkish statutes, would review materials other than the published, publicly available legislative history. In addition, the defendants have cited no authority to support a finding that Turkish courts would examine the manner in which a statute is administered in order to construe its meaning.

There is another dimension to the issue. In the instant case, the plaintiff is, in fact, the Republic of Turkey. In the more usual case in which foreign law is sought to be determined, the foreign government is not a party to the litigation. Defendants seem to believe that the fact that the Republic of Turkey is a party in this litigation entitles them to discovery of materials within the custody, control and possession of the government which they would not be able to obtain if the plaintiff were a private party. For example, the defendants seeks discovery of all the working papers of every agency of the Turkish government which had anything to do with the drafting and submission to the legislature of the laws in question in this case.

In my view, the defendants' belief that this broad discovery is permissible in a case in which the government is a party is mistaken. Discovery prefatory to a Rule 44.1 hearing should not be greater in the case in which the foreign government is a party. The discovery in either case should be limited to those sources to which a Turkish court would look in interpreting a Turkish statute, sources which presumably would be available to any Turkish lawyer or expert on Turkish law who was researching the issue. Discovery should not be enlarged merely because the sovereign is a party to the litigation in a court of the United States in a case in which the law of that sovereign is to be determined.

This is not to say that this rule can be said to be without any possible exceptions. Considering the diversity of foreign legal systems, there well may be situations when additional discovery is appropriate. However, in my opinion, the party seeking such discovery must make some sort of preliminary showing, in the form of affidavits by an expert or experts, demonstrating the necessity of discovering the requested materials. None has been made in this case.

Accordingly, I rule that discovery prefatory to a hearing pursuant to Rule 44.1 to determine foreign law is limited to those materials which the courts of the foreign country would examine if called upon to make the determination, absent a showing, supported by expert testimony, of the necessity of obtaining additional materials.

*The Specific Motions Sub Judice*

Applying the rule just enunciated, the Court takes the following action on the motions *sub judice:*

A. *Defendants' Motion for an Order Compelling Production of Document and Interrogatory Answers Central to January 20, 1993 Hearing on Turkish Law (# 63, filed 11/20/92)*

*Oxbow's Request # 12:* DENIED. To the extent that the documents are available to Turkish lawyers and experts in Turkish law, defendants' experts may review them; to the extent that they are not available generally to Turkish lawyers and experts in Turkish law, the defendants are not entitled to them absent a showing of specific need supported by expert testimony.

*Oxbow's Requests ## 17, 18, 19, 20, 21, 22, 23, 24, 25; Interrogatories ## 17, 19, 20,:* DENIED. These requests and interrogatories all pertain to how the laws are administered by the Turkish government; nothing is offered to support the proposition that a Turkish court would

look to these materials in construing the law of Turkey.

*Oxbow's Interrogatory #15:* DENIED. In answering the interrogatory, the plaintiff lists the laws upon which it relies; so far as appears, the remaining information which is sought by this interrogatory is available to Turkish lawyers and experts in Turkish law and defendants' experts may review them; to the extent that the information is not available generally to Turkish lawyers and experts in Turkish law, the defendants are not entitled to them absent a showing of specific need supported by expert testimony.

*Oxbow's Interrogatory #16:* DENIED. Presumably, the defendants have had the laws upon which the plaintiff relies translated; the "substantive provisions" speak for themselves.

*B. OKS Partners' Motion to Compel Re: Rule 30(b)(6) Deposition and for Award of Expenses (#68, filed 11/25/92)*

The motion, which seeks to require the plaintiff to produce non-expert witnesses to testify as to various aspects of the legislative history and "process" by which the laws of Turkey were formulated and enacted and to produce documents on the same subject, is DENIED. To the extent that the materials and sources upon which such testimony would be available to Turkish lawyers and experts in Turkish law, defendants' experts may review them; to the extent that they are not available generally to Turkish lawyers and experts in Turkish law, the defendants are not entitled to them absent a showing of specific need supported by expert testimony.

*C. Plaintiff's Motion for an Order Vacating Defendant OKS Partners' Deposition Notice and Compelling Defendants to Identify and Produce Their Expert Witnesses for Deposition (#65, filed 11/23/92)*

The motion is divided into two parts. The first seeks a protective order to the effect that the defendants not be permitted to have discovery in the form sought by the Rule 30(b)(6) notice. The second seeks a date by which the defendants will identify their experts. The motion is ALLOWED in both respects. Pursuant to Rule 26(c), Fed.R.Civ.P., it is ORDERED that no discovery be had pursuant to the Rule 30(b)(6) deposition filed by the defendant OKS Partners. Further, the defendants are ORDERED, *on or before the close of business on March 1, 1993,* to (a) identify the expert witnesses upon whom they will rely at the Rule 44.1 hearing and (b) supplement their answers to plaintiff's expert interrogatories so that they are full and complete.[4] Depositions of the parties' named experts on Turkish law may commence thereafter.

---

4. *See Williams v. McNamara,* 118 F.R.D. 294, 296–97 (D.Mass., 1988).