**UNITED STATES of America, Plaintiff,**

v.

**PRE–COLUMBIAN ARTIFACTS and the Republic of Guatemala, Defendants.**

**No. 93 C 2654.**

United States District Court,
N.D. Illinois, E.D.

Oct. 14, 1993.

Gillum Richard Ferguson, U.S. Attorney's Office, Chicago, IL, for the U.S.

Roy W. Sears, Gerald R. Singer, Eckhart, McSwain, Silliman & Sears; Eileen Teresa Pahl, Ray O. Rodriguez, Raul A. Villalobos, Rodriguez & Villalobos, Chicago, IL; and Suzan J. Sutherland, Siegel & Wille, Oakbrook Terrace, IL, for Republic of Guatemala.

Thomas Aquinas Foran and Carmen David Caruso, Foran & Schultz, Chicago, IL, for Louis Krauss, Jerome Grunes, and Barbara Grunes.

## MEMORANDUM OPINION AND ORDER

HART, District Judge.

The United States filed this interpleader action to determine who is entitled to certain pre-Columbian artifacts seized from interpleader defendants Louis Krauss, Jerome Grunes, and Barbara Grunes (the "Grunes defendants") in November 1990. The artifacts are alleged to have been exported from Guatemala in violation of Guatemalan law. The Grunes defendants claim a lawful interest in the property.[1] The Republic of Guatemala claims that the artifacts were illegally exported and/or stolen and should be returned to the Republic. Presently pending is the Grunes defendants' motion to strike the Republic's claim of possession or, alternatively, for judgment on the pleadings.

1. The United States also named Robert Stoetzer as another person possibly claiming an interest in the property. Although properly served, Stoetzer has not filed any response to the interpleader complaint. The Grunes defendants allege that the government also seized artifacts from Stoetzer, but that those artifacts are the property of the Grunes defendants.

■ The parties do not address the question of the appropriate legal standard. Under certain circumstances, conflicting claims with respect to an interpleader res can be resolved on the pleadings. *See* C.A. Wright, A. Miller, & M.K. Kane, *Federal Practice & Procedure* § 1715 at 588–89 (2d ed. 1986). "The usual rules of good pleading are applicable in an interpleader action." *Id.* at 587. It will be assumed, as the parties apparently do, that the Republic must state a claim for entitlement to the artifacts that would withstand a motion to dismiss under Rule 12(b)(6). One of the disputes, however, depends upon the construction of Guatemalan law. While any determination as to foreign law is a legal question, any relevant material or source, including testimony, may be considered in establishing foreign law. *See* Fed.R.Civ.P. 44.1; *Republic of Turkey v. OKS Partners,* 146 F.R.D. 24, 27 (D.Mass. 1993). Commonly, oral or written expert testimony accompanied by foreign legal materials is provided. *See id.;* C.A. Wright & A. Miller, *Federal Practice & Procedure* § 2444 at 406 (1971). There is no requirement that foreign law and its supporting material be pleaded; "other reasonable written notice" will also suffice. Fed.R.Civ.P. 44.1; Wright & Miller, § 2443 at 402. Therefore, alleging in a pleading that property is stolen under a foreign law is a sufficient pleading without providing the specifics of the foreign law. *See Republic of Turkey v. OKS Partners,* 797 F.Supp. 64, 66 (D.Mass. 1992) (allegations that ancient coins belonged to Turkey under Turkish law and therefore were held by defendants in violation of the National Stolen Property Act could not be dismissed on the pleadings).

■ The Republic of Guatemala does not argue that the legal issue raised by the Grunes defendants cannot be considered on the pleadings. On the Grunes defendants' motion, however, the Republic's contentions as to provisions of Guatemalan law will be taken as true; no attempt will presently be made to parse the specific language of the Guatemalan legislation. For purposes of resolving the present motion, it is also assumed that the artifacts were illegally exported from Guatemala.

As stated by the Republic in its brief:

For the purposes of this motion, it is accepted that the law of Guatemala provides that upon export without authorization, the artifacts are confiscated in favor of the Republic of Guatemala, and become the property of Guatemala. Article 21 of Guatemala's "Congressional Law for the Protection and Maintenance of the Monuments, Archeological, Historical, Artistic Objects and Handicrafts" provides for "confiscation in favor of the State" upon illicit export.

The Republic contends that this law therefore makes the Grunes defendants' possession of the allegedly illegally exported property the possession of stolen property in violation of the National Stolen Property Act ("NSPA"), 18 U.S.C. §§ 2314–15. It is undisputed that stolen property possessed in violation of the NSPA is subject to being seized. The Grunes defendants, however, argue that, even assuming unlawful exportation, the artifacts must have belonged to the Republic prior to exportation in order for the artifacts to be considered stolen property under the NSPA. Since the Republic only contends that Guatemalan law makes the artifacts its property upon illegal exportation, the legal issue raised by the Grunes defendants can be resolved on the pleadings.

■ The NSPA is designed to discourage both the receiving and the taking of stolen property. *United States v. O'Connor,* 874 F.2d 483, 488 (7th Cir.1989); *United States v. Gardner,* 516 F.2d 334, 349 (7th Cir.), *cert. denied,* 423 U.S. 861, 96 S.Ct. 118, 46 L.Ed.2d 89 (1975); *United States v. McClain,* 545 F.2d 988, 994 (*"McClain I"*), *rehearing denied,* 551 F.2d 52 (5th Cir.1977). "Stolen," as used in the NSPA, is not a term of art and instead is broad in scope with a "wide-ranging meaning." *McClain I,* 545 F.2d at 995. *Accord United States v. Darrell,* 828 F.2d 644, 649–50 (10th Cir.1987). The NSPA applies to stolen goods transported in either interstate or foreign commerce. The Grunes defendants do not dispute that foreign ownership laws and thefts in foreign countries can be the basis for finding goods

to be stolen. *See United States v. Rabin,* 316 F.2d 564, 566 (7th Cir.), *cert. denied,* 375 U.S. 815, 84 S.Ct. 48, 11 L.Ed.2d 50 (1963); *McClain I,* 545 F.2d at 994; *United States v. McClain,* 593 F.2d 658, 664 (5th Cir.), *cert. denied,* 444 U.S. 918, 100 S.Ct. 234, 62 L.Ed.2d 173 (1979) (*"McClain III"*); *United States v. Hollinshead,* 495 F.2d 1154 (9th Cir.1974).

 Mere violation of export restrictions does not make possession of the illegally exported property a violation of the NSPA. *McClain I,* 545 F.2d at 996, 1002; *Government of Peru v. Johnson,* 720 F.Supp. 810, 814 (C.D.Cal.1989), *aff'd by unpublished order,* 933 F.2d 1013 (9th Cir.1991). For the property to be stolen, it must belong to someone else. *See McClain I,* 545 F.2d at 995, 1002; *Peru,* 720 F.Supp. at 814. Here, there is no allegation that the artifacts were stolen from any Guatemalan individual. The only allegation is that the artifacts belong to the Republic. The NSPA "protects ownership derived from foreign legislative pronouncements, even though the owned objects have never been reduced to possession by the foreign government." *McClain III,* 593 F.2d at 664. Guatemalan law (as assumed for purposes of the present motion) provides that, upon illegal export, the artifacts became the property of the Republic. Therefore, the moment the artifacts left Guatemala they became the property of the Republic. Thus, while traveling in foreign commerce, the artifacts were stolen in that they belonged to the Republic, not the person who unlawfully possessed the artifacts. The Republic has alleged facts under which the artifacts would be subject to being seized as being stolen property possessed in violation of the NSPA. The Grunes defendants' motion will be denied.

IT IS THEREFORE ORDERED that defendants Barbara Grunes's, Jerome Grunes's, and Louis Krauss's motion to strike the Republic of Guatemala's claim of possession or, in the alternative, for judgment on the pleadings [35] is denied. October 22, 1993 ruling date is vacated. All discovery is to be completed by December 22, 1993. Status hearing set for November 22, 1993 at 9:15 a.m.