Reid v. Simmons, et al.                    CV-89-152-M    08/01/97

UNITED STATES DISTRICT COURT

DISTRICT OF NEW HAMPSHIRE


Gordon C. Reid

    v.                                        Civil No. 89-152-M

Officers Gary Simmons, Ronald Paul,
James Ahern, and Richard Gilman


**O R D E R**


    Gordon Reid has filed three motions directed at the defendants' answers to his "Set I" interrogatories.  His motions are resolved as follows.


**1.  Motion to Seal Answers to Set I Interrogatories**

    Reid moves to seal the defendants' answers "for the reason that a person or persons unknown are publishing or making use of the answers for purposes unauthorized and unconnected with this action to the detriment of the plaintiff."

    Upon motion by a party and for good cause shown, the court "may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression or undue burden or expense."  Fed. R. Civ. P. 26(c).  Rule 26(c) provides that such materials may be sealed only upon the showing of "good cause," and Federal Rule of Civil Procedure 5(d) creates a presumption that discovery materials filed in court will be available to the public.  Public Citizen v. Liggett Group, Inc., 858 F.2d 775, 778 (1st Cir. 1988).  In determining whether good cause has been shown, the court must balance the Constitutional

and common law interests in public access to judicial records with the litigants' legitimate reasons for protecting the confidentiality of certain types of information obtained through the discovery or litigation processes.  See Nixon v. Warner Communications, Inc., 435 U.S. 589, 597, 598 (1978) (where the court recognized "the common-law right of inspection has bowed before the power of a court to insure that its records are not used to gratify private spite or promote public scandal" (cites omitted)); see also Nault's Auto. Sales v. American Honda Motor Co., 148 F.R.D. 25, 44 (D.N.H. 1993).  The moving party bears the burden of demonstrating good cause for the protection sought. Id.

Reid's assertion that "a person known or persons unknown" are making use of defendants' interrogatory answers is too vague to make the required "good cause" showing.  Without information about the nature of the "use" of particular answers, the court is unable to balance the public's interest against his asserted privacy interest.  Accordingly, the motion to seal (document no. 219) is denied.


**2.  Motion to Strike Answers to Set I Interrogatories**

Reid also moves to strike certain phrases in defendants' answers to his Set I interrogatories because he contends the phrases are prejudicial to him and should not be admitted into evidence at trial and also because he contends some answers are unresponsive to his questions.  Evidentiary issues are not

2

grounds for striking interrogatory answers as those matters must be raised either by motions in limine or by objection at trial. See, e.g., Brennan v. Innovative Dining of Massachusetts, Inc., 136 F.R.D. 336, 337 (D. Mass. 1991). To the extent particular answers may be unresponsive to Reid's questions, that issue is more appropriately addressed in the context of Reid's motion to compel answers.

Accordingly, Reid's motion to strike answers (document no. 220) is denied.

**3. Motion to Compel Further Answer to Set I Interrogatories**

Reid moves to compel further answers to twenty of his fifty Set I interrogatories. Defendants object, in part, by augmenting or explaining some of the challenged answers in their objection to Reid's motion, by pointing out that certain materials were provided to Reid previously, and by asserting certain privileges and grounds for objections. As interrogatory answers must be provided by the party asked, based upon his knowledge, and under oath, the information provided by counsel cannot serve to augment defendants' answers and is not considered. To the extent Reid challenges the defendants' objections as untimely filed, his motion is denied.

The court reluctantly finds it necessary to scrutinize the particular questions and answers in order to explain to all the proper conduct of discovery.

## a. Interrogatory No. 18

Reid asks defendants to "state the name and address of any person or persons who you have retained or intend to retain as an expert witness in rehard (sic) to the instant action and set forth his qualifications in his field of specialization." Gary Simmons responded, "No individuals have been retained to my knowledge," and the remaining defendants answered:

> Depending upon what transpires at trial and what questions are asked of myself and the other named defendants, there is a likelihood that myself and the other defendants could give "expert" testimony in response to questions propounded by the plaintiff and/or the defendant as to investigative procedures and the explanations and reasons why certain actions were taken as outlined in the police report.

As the defendants have denied having expert witnesses, their answers are sufficient, and they will not be permitted to present expert opinion testimony in support of their case at trial.

## b. Interrogatory No. 20

> Interrogatory No. 20:
>
> State whether a statement or deposition, including statement, voice recordings were taken from any person in connection with this action (and incident); setting forth the dates said statement or deposition was taken, by whom it was taken, whether or not is is (sic) signed and who now has custody of the statement.
>
> Answers by Gilman and Paul:
>
> Objection. This question is confusing and appears to ask for attorney/client privilege as well as attorney/client work product. As such, it is objected to.
>
> Answer by Ahern:

4

Objection.  This question is confusing and appears to ask for attorney/client privilege as well as attorney/client work product.  No depositions have been taken in this case and no recorded statements have been taken that I am aware of.

Answer by Simmons:

All such statements that I am aware of are referenced in the police report.  I am not aware of any depositions having been taken in this case.

The question appears to ask about statements taken both during the investigation of the alleged sexual assault of Misty P. (which was the basis of charges brought against Reid) and as part of the defense preparation in this case.  The defendants shall supplement their answers to either list and identify, as asked, the source and questioner for any statements each defendant knows were taken in connection with the Misty P. incident or, if appropriate, reference, specify, and attach a copy of any report or other document, in the defendant's possession, that would provide a better source of all of the information asked.  To the extent a defendant does not know the answer or does not have documents or materials that would supply the answer, the appropriate response is that he does not know.

With regard to a list of witnesses, who may have been interviewed in preparation of the defense in this case, the list itself is not protected by the attorney work product doctrine. Fed. R. Civ. P. 26(b)(3).  The content of any of the statements, however, is protected, and defendants' objection is sustained as to content.

Defendants shall supplement their answers to interrogatory no. 20 as described in this order.

### c. Interrogatory No. 21

This interrogatory asks whether the defendants or their representatives have any "documents" in their possession related to "this incident," which the defendants and the court interpret to mean the alleged assault of Misty P. with which Reid was charged, and to identify the document and its date. The defendants respond that the attorney work product privilege protects documents that their counsel have generated or obtained in preparation of their defense and that otherwise the documents that were in their police files and Misty P.'s medical records and reports that they had during the investigation have been provided.

Defendants' answers are sufficient. Based upon their answers, however, defendants are precluded from using as evidence any police file materials or medical records or reports pertaining to Misty P., which were obtained or generated during the criminal investigation, that are available to them now, and that were not provided to Reid as part of discovery in this case.

### d. Interrogatory No. 22

Reid asks for the times, places, and substance of any conversations of any of the defendants with each other or with the Hillsborough County Attorney, or his representatives, or "any

6

other person in any way relating to the incident, its causes, or in any way relating to the proof you intend to offer." The defendants either object or respond that they have no recollection of conversations beyond what is reflected in the police report. Defendants contend that the question is overly broad and asks for information for which they lack records. Defendants also state that police contact with the Hillsborough County Attorney's office would have been through the police records division and attach a copy of a letter as an example.

The court agrees that the question is overly broad and also notes that it asks for privileged information concerning development of the defense in this case. Defendants' answers are sufficient.

### e. Interrogatory no. 25

This question asks the defendants to identify the police officer whose name appears on each investigation or arrest report. All but defendant Paul answered that the name is illegible, and they do not remember who it was. Paul did not answer interrogatory 25 and did not object.

Rule 33(a) obligates a party in answering interrogatories to "furnish such information as is available to the party." These defendants are not obligated to search the records of the police department in order to answer the questions asked. Defendants' answers to interrogatory no. 25 are sufficient; Paul is ordered to answer.

7

### f. Interrogatory No. 26

The question asks about the duties of "the reviewing officer" and the basis of each defendant's knowledge. Gilman objected that the question was vague and confusing but stated his understanding of what the job included without giving the basis for his knowledge. Ahern and Paul objected that because they were not reviewing officers, they did not know the duties, but described the duties "as far as I knew." Simmons answered but did not provide the basis for his knowledge. The officers' descriptions of the duties are sufficient, and their answers are sufficient.

### g. Interrogatory No. 27

Reid asks whether the defendants informed the reviewing officer of any statements of Misty P. taken prior to or in June 1986. Defendants Ahern, Paul, and Gilman do not answer directly but state that such statements would be in the police reports. That answer is insufficient. Each of those defendants will answer the question directly under oath: yes, no, do not know, or do not remember; or will state an appropriate objection.

### h. Interrogatory 28

If any defendants answer "yes" to question 27, he will then answer question 28.

### i.  Interrogatory 29

While defendants have no obligation to research the police department records to inform Reid about reports pertaining to him, when documents are referenced as giving the answer requested, defendants must refer to the document with sufficient specificity to allow Reid to find the answer and attach a copy if the document has not been produced or if it is not readily identifiable.  Defendants Gilman, Paul, and Ahern have answered by reference to information provided to Reid previously.  If that is the case, those defendants must specify which documents or materials provide the information requested.  Defendant Simmons's answer is sufficient.

### j.  Interrogatory No. 30

Defendants' answers appropriately respond to the dates requested in the interrogatory and make sufficient reference to the police reports.

### k.  Interrogatory No. 31

The answers referring to the police reports are sufficient. Defendants are bound by their answers, however, and may not rely for their defense on any information about communications that does not appear in the police reports.

### l. Interrogatory No. 32

Reid asks that defendant Simmons answer directly the question about his communications to other officers concerning statements made by Misty P. instead of providing what appears to be his best guess of what is likely to have happened. Simmons shall supplement his answer by stating "yes," "no," "I do not know," or "I do not remember" in response to interrogatory no. 32, or he may assert an appropriate objection.

### m. Interrogatory No. 33

The answers are sufficient.

### n. Interrogatory No. 35

Reid seeks a direct answer from Simmons as to whether he did, did not, or does not remember discussing the investigation with particular people. Simmons shall supplement his answer as to his fellow officers with a direct response. His answer is otherwise sufficient.

### o. Interrogatory No. 36

Reid asks for each defendant's "special training" in law enforcement including the location and dates of training and the officers' grades. Each defendant objects that the question is beyond the scope of discovery but answers generally that he was trained by the Manchester Police Department and the State of New Hampshire but does not have access to their training materials. In support of his motion to compel, Reid asserts that the

10

information is relevant to the defendants' status as expert witnesses and their experience is relevant to whether their actions were reasonable.

The defendants will not be giving expert opinion evidence in their case. Defendants' general disclosures of their routine police academy and departmental training is sufficient.

### p. Interrogatories No. 39 and No. 40

Reid asks what officer submitted "the discovery package" to the Hillsborough County Attorney's office during the investigation of the criminal case against him and the means by which it was transmitted. The defendants respond that those materials would have been handled by the records division of the police department, rather than by an individual officer, and describe the process. Their answers are sufficient.

### q. Interrogatory No. 42

The answers are sufficient.

### r. Interrogatory No. 47

The defendants' objections to this question, which incorporates disputed facts, is appropriate and is a sufficient response to the question.

### s. Interrogatory No. 50

The defendants' objections are sustained.

11

## Conclusion

For the foregoing reasons, plaintiff's motion to seal (document no. 219) and motion to strike (document no. 220) are denied.  Plaintiff's motion to compel answers to interrogatories (document no. 218) is granted in part and denied in part as is further explained in this order.


**SO ORDERED.**


_____
Steven J. McAuliffe
United States District Judge

August 1, 1997

cc:  Robert G. Whaland, Esq.
     Gordon C. Reid
     Carolyn M. Kirby, Esq.
     Ann F. Larney, Esq.